**County Judge Garry WEBER et al., Appellants,**

v.

**CITY OF SACHSE et al., Appellees.**

No. 20265.

Court of Civil Appeals of Texas, Dallas.

Nov. 21, 1979.

Rehearing Denied Dec. 12, 1979.

See also 591 S.W.2d 559.

565

Earl Luna, Luna & Murto, Dallas, for appellants.

Michael F. Pezzulli, R. Jack Ayers, Jr., Dallas, for appellees.

Wm. Andress, Jr., Dallas, for appellee Town of Sunnyvale.

Before AKIN, CARVER and HUMPHREYS, JJ.

AKIN, Justice.

The City of Sachse and the town of Sunnyvale, both incorporated municipalities in Dallas County, as well as the mayor of each town as an individual representative of all persons similiarily situated, brought this action against the Sheriff and the County Judge and the County Commissioners of Dallas County, seeking an injunction to require the county to provide sheriff's deputies to patrol within the boundaries of these municipalities. Plaintiffs prayed that defendants be enjoined from reducing the number of sheriff's deputies to less than five in each municipality and that the county commissioners be enjoined from refusing to fund these patrols, alleging violations of the sheriff's duties under Tex.Code Crim. Pro.Ann. arts. 2.13, 2.16 and 2.17 (Vernon 1977) and plaintiffs' substantive and procedural due process rights and equal protection rights under the United States and Texas Constitutions. The 162nd Judicial District Court of Dallas County, Honorable Dee Brown Walker presiding, granted a permanent injunction prohibiting the sheriff's department from reducing the number of sheriff's deputies patrolling within the incorporated boundaries of each of the plaintiff municipalities below the number of patrols that existed prior to October 1, 1979, and requiring the county commissioners to fund these patrols. The Commissioners' Court and the sheriff appeal. We hold that this order is erroneous. Defendants were also enjoined from providing any less law enforcement to plaintiffs than is provided to the unincorporated areas of Dallas County. This portion of the order is also erroneous. Accordingly, we reverse the judgment and vacate the injunction.

Appellant Commissioners' Court argues that the trial court had no jurisdiction to interfere in the reasonable discretionary legislative acts of the Commissioners' Court. In this respect, appellants contend that the trial court erred in concluding that the Commissioners' Court acted unreasonably in reducing the funding of twenty deputies from the sheriff's budget and that this action by the commissioners was an abuse of discretion. They assert that the effect of the trial court's mandatory injunction, with respect to this budgetary matter, was to surplant the legislative judgment of the commissioners with the trial judge's own concept of what those budgetary priorities should be. We agree with the commissioners.

Although the district court may enjoin an illegal or unconstitutional act, *Sterrett v. Gibson*, 168 S.W. 16, 18 (Tex.Civ. App.—San Antonio 1914, no writ), it has no authority to direct a public official how to perform a discretionary act. *Mauzy v. Legislative Redistricting Board*, 471 S.W.2d 570, 575 (Tex.1971). The district court's order prohibiting the reduction of the number of patrols within plaintiffs' boundaries is tantamount to compelling the county commissioners to fund at least five sheriff's deputies to patrol each of the plaintiff municipalities, since that was the level of law enforcement existing on October 1, 1979. This the district court cannot do, absent a mandatory statutory duty imposed on the Commissioners' Court, because the district court, rather than the Commissioners' Court would be determining how county funds should be expended. Since this is a matter within the Commissioners' Court's discretion, the district court erred in granting the injunction. *Stovall v. Shivers*, 129 Tex. 256, 103 S.W.2d 363, 367 (1937); *Janes v. Morton*, 385 S.W.2d 702, 706 (Tex.Civ.App.— Amarillo 1964, writ ref'd n. r. e.). The allocation of county funds is a discretionary act of the public officials who were elected to make such decisions. The district court's authority extends only to enjoin illegal expenditures and to situations where the commissioners abuse their discretion. It has no authority to substitute its judgment for that of these elected officials as to the particular expenditures that should be made. *Id.*

Plaintiffs argue that the district court had authority to grant injunctive relief under article 5, § 8 of the Texas Constitution which gives the district court supervisory authority over the judgments of the Commissioners' Court. They concede that the funding for sheriff's deputies by the Commissioners' Court is a discretionary act of that court, but assert that the commissioners abused their discretion because Tex. Rev.Civ.Stat.Ann. art. 6869d (Vernon 1960) shows a legislative intent to require the Commissioners' Court to fund a sufficient number of deputies to permit the sheriff to carry out his duties to conserve the peace under Tex.Code Crim.Pro.Ann. art. 2.17 (Vernon 1977). Article 6869d states:

Section 1. In every county of this state having a population of two hundred ten thousand (210,000) or more, according to the last preceding United States census, *there is hereby created a county police force, to be composed of such number of patrolmen not less than six, as may be fixed by the Commissioner's Court.* All of said patrolmen shall be appointed by the sheriff, subject to approval by the Commissioners' Court, and one of their number shall be so appointed chief of the county police.

Sec. 2. Each of said patrolmen shall be deputized by the sheriff and shall have the power and authority of a Deputy Sheriff, and all laws of this state applicable to deputy sheriffs shall apply to such patrolmen, except where they may be in conflict with this Act. They shall hold their position until removed by the sheriff, with the approval of the Commissioner's Court.

Sec. 3. The salary of the patrolmen and of the chief of county police shall be fixed by the Commissioner's Court and paid out of the General Fund of the county. It shall be the duty of such patrolmen to carefully patrol, either in a motor car or in a motorcycle all the highways of the county *located outside of the corporate limits of the county seat thereof,* and they shall each be required to furnish a motorcycle or motorcar, and their salary shall include their compensation for furnishing such car and the cost of maintaining and operating the same. Such patrolmen shall perform their duties under rules and regulations prescribed and promulgated by the Commissioners' Court. *Such patrolmen shall devote their entire time when on duty to patroling that part of the county outside of the corporate limits of the county seat and to matters pertaining to that service.* [Emphasis added.]

We cannot agree that this statute shows the legislative intent asserted by plaintiffs. As we read this statute, it imposes a duty on the commissioners to fund a county po-

lice force of not less than six and that these patrolmen shall devote their entire time to patrolling that part of the county outside of the corporate limits of the county seat. The number of patrolmen in excess of the six required by this statute is a matter within the discretion of Commissioners' Court. There is no evidence in this record that the sheriff does not maintain a force of at least six deputies who devote their entire time to patrolling that part of the county outside the limits of the City of Dallas. Consequently, the district court erred in concluding that the Commissioners' Court has failed to comply with this statute.

■ Although the sheriff has the duty to conserve the peace within the county, Tex.Code Crim.Pro.Ann. art. 2.17 (Vernon 1977), his decisions as to the deployment of law enforcement officers within the county are left to his discretion and judgment since this matter is not specifically prescribed by law. A court may properly intervene only where a public official fails to perform a mandatory duty or oversteps the bounds of his discretion. The law imposes no mandatory duty on the sheriff to supply a certain level of law enforcement to the plaintiff municipalities. By mandating the level of law enforcement that shall be supplied, the district judge substituted his discretion and judgment for that of the sheriff, which he had no authority to do. *Mauzy v. Legislative Redistricting Board*, 471 S.W.2d at 575.

■ Even if the trial court may have had jurisdiction over the parties and the subject matter of this suit,[1] that portion of the judgment requiring the provision and funding of a particular level of law enforcement to plaintiffs is beyond the trial court's power to grant. *Smith v. Paschal*, 1 S.W.2d 1086, 1087 (Tex.Comm'n App.1928, judgmt. adopted); *McBride v. McBride*, 256 S.W.2d 250, 253 (Tex.Civ.App.—Austin 1953, no writ). *See* G. Hodges, Collateral Attacks on Judgment, 41 Texas L.Rev. 499, 514 (1963).

■ We turn now to that part of the district court's order requiring the defendants to provide no less law enforcement to the plaintiffs than is provided to the unincorporated areas of Dallas County. Although we question the enforceability of this portion of the order, since it lacks clarity as to the standard of conduct required for compliance, it is within the scope of the trial court's authority. It does not invade the county government's discretion as to the level of law enforcement services that will be provided within the county but merely requires that such services be provided equally between plaintiffs' and the unincorporated areas of Dallas County. Having determined that this portion of the order was within the trial court's authority, we must determine whether the law requires that county law enforcement services provided to the plaintiffs must be the same as that provided to unincorporated areas of Dallas County, as plaintiffs contend.

■ Plaintiffs, relying on *Weatherly Independent School District v. Hughes*, 41 S.W.2d 445 (Tex.Civ.App.—Amarillo 1931, no writ), argue that because their citizens pay the same county taxes as residents of the unincorporated areas of Dallas County, they are entitled to the same county police protection as residents of that area. *Hughes* is a taxation case and the question before us concerns spending. Thus, it is inapplicable here. Equal protection does not entitle every citizen to receive equal benefits each time government money is spent. Such a standard would make almost all government spending programs unconstitutional. Absent some invidious discrimination based on a suspect classification such as race or sex, the equal protection clauses of both the Texas and United States Constitutions require only that the county government have a rational basis for providing different levels of law enforcement services to these areas of Dallas County. *Mumme v. Marrs*, 120 Tex. 383, 40 S.W.2d 31, 36 (1931);

---

1. The district court has supervisory authority over the county commissioners' court and may, in a proper case, compel an affirmative act by that government body. Tex.Rev.Civ.Stat.Ann. art. 1908 (Vernon 1964). *Grant v. Ammerman*, 437 S.W.2d 547, 550 (Tex.1969). We question whether the district court may properly enter a compulsory order against the sheriff acting in his capacity as a government official. Article 1735 may place that power exclusively in the Supreme Court. If not reserved to the Supreme Court, the district court would have jurisdiction under Article 1913.

**568**

*Carter v. Hamlin Hospital District,* 538 S.W.2d 671, 675 (Tex.Civ.App.—Eastland 1976, writ ref'd n. r. e.), *cert. denied,* 430 U.S. 984, 97 S.Ct. 1680, 52 L.Ed.2d 378 (1977). Here the county commissioners could reasonably determine that the county law enforcement budget should be cut. They may also determine that since plaintiffs are duly incorporated municipalities and can raise taxes to provide their own law enforcement, county law enforcement within their boundaries should be curtailed in order to implement the budget cut. The evidence shows that although not maintaining patrols within plaintiffs' boundaries, sheriff's deputies will still answer calls by plaintiffs' citizens, thus providing the same service to these municipalities that is provided to other incorporated areas in Dallas County. These facts supply a rational basis for an unequal allocation of county law enforcement services between plaintiffs and the unincorporated areas of Dallas County, thus refuting the plaintiffs' equal protection argument.

Plaintiffs also argue that Tex.Code Crim.Pro.Ann. art. 2.17 (Vernon 1977) requires the commissioners and sheriff to enforce the law equally throughout the county. They admit that the sheriff has some discretion in enforcing the law yet contend that a failure to patrol within their incorporated areas amounts to an abuse of discretion. We cannot agree. The commissioners and sheriff have a rational basis, as noted *supra,* for an unequal deployment of county sheriff's patrols between the areas within the limits of the plaintiff municipalities and the unincorporated areas of Dallas County. They have not acted arbitrarily and capriciously and, thus, have not abused their discretion in fulfilling the law enforcement duty imposed on them by article 2.17. *Rodriguez v. Vera,* 249 S.W.2d 689, 693 (Tex. Civ.App.—San Antonio 1952, no writ); *Hidalgo County v. Johnstone,* 137 S.W.2d 825, 827 (Tex.Civ.App.—Eastland 1940, writ dism'd judgmt. cor.).

Plaintiffs also argue that due process requires patrols within their boundaries since "people might get killed" if proper law enforcement is not provided. Plaintiffs misconstrue the concept of due process. Due process is a restraint on the government, preventing it from depriving persons of liberty or property interests without notice and an adversary hearing. That constitutional protection does not entitle plaintiffs to any specified level of county law enforcement protection. If plaintiffs need more law enforcement protection, they may employ their own law enforcement officers, as do the other incorporated municipalities of Dallas County. Tex.Rev.Civ.Stat.Ann. art. 998 (Vernon Supp. 1978–1979).

Accordingly the judgment is reversed and the injunction vacated.