

# THE ATTORNEY GENERAL
## OF TEXAS

August 10, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Rolando J. Menchaca　　　Opinion No.　JM-765
Maverick County Attorney
P. O. Box 3041　　　　　　　　　　Re:　Whether a sheriff may prohibit
Eagle Pass, Texas　78853　　　　county peace officers from carrying
　　　　　　　　　　　　　　　　　weapons into commercial establish-
　　　　　　　　　　　　　　　　　ments that serve alcoholic beverages

Dear Mr. Menchaca:

　　　You inform us that the county sheriff has received complaints that armed law enforcement officers from various political subdivisions in the county have been observed patronizing bars or night clubs, drinking alcoholic beverages, and socializing. After an investigation, it was determined that, on several occasions, the peace officers were not acting as security guards or investigating criminal offenses; they were present only as patrons. Section 46.02 of the Penal Code, which makes unlawful the carrying of weapons, specifically provides in subsection (c): "An offense under this section is a felony of the third degree if it occurs on any premises licensed or issued a permit by the state for the sale or service of alcoholic beverages." You correctly point out that section 46.03(a)(6) of the Penal Code specifically provides that section 46.02 of the Penal Code is inapplicable to peace officers. See Attorney General Opinion JM-613 (1986). Accordingly, you ask:

　　　　　　Can our local sheriff issue a directive to any and
　　　　　　all peace officers in our county to the effect
　　　　　　that, while acting as patrons at a drinking
　　　　　　establishment, etc., peace officers should leave
　　　　　　their weapons elsewhere? If this cannot be done,
　　　　　　is there anything that our sheriff can do to
　　　　　　address this particular problem?

　　　We understand you to ask whether the county sheriff has the authority to direct the activities of non-county peace officers, as well as county peace officers. Logically, your question could arise in connection both with regard to "on-duty" conduct or activities, as well as "off-duty" conduct. We will address each situation.

　　　Of course, a county sheriff may direct the activities of peace officers in his employ during their "on-duty" time of employment. See

Weber v. City of Sachse, 591 S.W.2d 563 (Tex. Civ. App. - Dallas 1979, writ dism'd). We conclude, however, that the county sheriff is without authority to make such a policy applicable to peace officers who are employees of other political subdivisions in the county. The authority of a county sheriff to direct the "off-duty" activities of peace officers in his employ is more limited, however, to restrictions that are reasonably connected to the proper execution of his law enforcement responsibilities. You do not ask about the reasonableness of any specific policy. Whether any specific policy is reasonable is a question of fact that we cannot resolve in the opinion process. We cannot determine the reasonableness of any specific policy that prohibits county peace officers, while armed, from frequenting during their "off-duty" hours establishments licensed to sell or serve alcoholic beverages.

County sheriffs generally exercise supervisory control over employees in the county sheriff's office. See, e.g., Attorney General Opinion H-1190 (1978). County sheriffs are authorized by article 6869, V.T.C.S.,[1] to appoint deputies "to continue in office during the pleasure of the sheriff, who shall have power and authority to perform all the acts and duties of their principles." See generally Heye v. Moody, 4 S.W. 242 (Tex. 1887); Murray v. Harris, 112 S.W.2d 1091 (Tex. Civ. App. - Amarillo 1938, writ dism'd). Article 6870, V.T.C.S., provides that sheriffs shall be responsible for the official acts of their deputies; they are not responsible for unofficial and unauthorized acts of deputies. Workman v. Freeman, 279 S.W.2d 486 (Tex. Civ. App. Amarillo 1955), aff'd 289 S.W.2d 910 (Tex. 1956); Taylor v. Stanford, 229 S.W.2d 427 (Tex. Civ. App. - Galveston 1950, no writ). A county sheriff has the authority to deploy his personnel in any manner that he deems appropriate. Weber v. City of Sachse, 591 S.W.2d 563 (Tex. Civ. App. - Dallas 1979, writ dism'd). While the county sheriff may exercise supervisory control over employees of his office, he exercises no supervisory control over peace officers employed by other political subdivisions in the county.

While the county sheriff may not exercise supervisory control over peace officers employed by other political subdivisions, regardless of whether control is sought to be exercised over "on-duty" time or "off-duty" time, we conclude that he may impose reasonable limitations on the "off-duty" behavior of his own deputies. Generally, a public employer may not discharge a public employee at-will unless the cause for the discharge is reasonably related to

---

1. Art. 6869, V.T.C.S., has been repealed and replaced, effective September 1, 1987, see now chapter 86, of the Government Code. See Acts 1987, 70th Leg., ch. 149, §§1, 49.

employment. See, e.g., Annots., 35 A.L.R. 4th 691 (1985); 33 A.L.R. 4th 120 (1985). Given the fact that law enforcement officers can be thought to be "on-duty" at all times insofar as a peace officer is required to respond to any breach of the peace that occurs within his view even if he is no longer working his assigned "shift," we conclude that a county sheriff may exercise reasonable "off-duty" control of his deputies.

In Attorney General Opinion JM-613 (1986), we were asked whether a Texas peace officer commits a crime and is subject to prosecution for a misdemeanor or felony if he carries a handgun either (1) while he is "off-duty" (i.e., not then actually carrying out duties assigned to him by his department), or (2) while he is outside the limits of the territory over which his department has law enforcement jurisdiction. We concluded that a peace officer in Texas, wherever in the state he might be and whether engaged in the actual discharge of his duties, is immune from prosecution under section 46.02 of the Penal Code for unlawfully carrying a handgun. One of the primary reasons that the opinion so held is that Texas courts have consistently concluded that a peace officer, at least when he is within his normal jurisdiction, remains a peace officer twenty-four hours a day and possesses the full powers of a peace officer in the presence of criminal activity. See Wood v. State, 486 S.W.2d 771 (Tex. Crim. App. 1972); Simms v. State, 319 S.W.2d 717 (Tex. Crim. App. 1958). The Code of Criminal Procedure, article 2.13, makes it the duty of every peace officer to preserve the peace within his jurisdiction at all times and not merely during his "on-duty" hours or "shift." See Attorney General Opinion JM-140 (1984). Similarly, the cases of Preston v. State, 700 S.W.2d 227 (Tex. Crim. App. 1985) and Christopher v. State, 639 S.W.2d 932 (Tex. Crim. App. 1982), leave no doubt that every Texas peace officer remains a peace officer even while outside the territorial limits of his normal jurisdiction, although his power to act may be more limited outside these boundaries than within them.

Because a peace officer employed by the county may be called upon to exercise his duty as a peace officer even when he is not working his regular shift, we conclude that a county sheriff may exercise reasonable control over the "off-duty" conduct or behavior of his law enforcement employees, so long as such direction or control is reasonably related to the proper requirements of "on-duty" conduct. You do not ask about the reasonableness of any specific policy. Such a determination would require a finding of fact, which we decline to make in the opinion process.

## S U M M A R Y

A sheriff is ordinarily without authority to direct the activities, whether "on-duty" or "off-duty," of peace officers who are employees of other political subdivisions in the county. The authority of a sheriff to direct the "off-duty" activities of peace officers in his employ is limited to restrictions that are reasonably related to proper "on-duty" employment.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General