

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

April 24, 1991

Honorable D. C. Jim Dozier
County Attorney
Montgomery County Courthouse
Conroe, Texas 77301

Opinion No.  DM-19

Re: Disposition of proceeds generated
by inmates' use of pay telephones in a
county jail   (RQ-2)

Dear Mr. Dozier:

You ask about the proper disposition of proceeds from pay telephones in the
county jail. As a general rule, county officers are to pay over county money, from
whatever source derived, to the county treasurer. Local Gov't Code §§ 113.003,
113.021. Another general rule is that allocation of county funds is within the
discretion of the commissioners court. *Weber v. City of Sachse*, 591 S.W.2d 563 (Tex.
Civ. App.--Dallas 1979, no writ); *Anderson v. Wood*, 152 S.W.2d 1084, 1086 (Tex.
1941) (holding that article 5116, V.T.C.S., which makes sheriff responsible for
operation of jail, gives sheriff no authority to contract for county independent of
commissioners court); *see* Code Crim. Proc. art. 102.007 (hot check fund expendable
at discretion of attorney responsible for the fund).

You bring to our attention, however, a specific statute that governs proceeds
from a jail commissary. Local Gov't Code § 351.0415. That provision authorizes
sheriffs in certain counties to operate a jail commissary. *Id.* subsec. (a). The
commissary must be operated in accordance with rules adopted by the Commission
on Jail Standards. *Id.* The sheriff has exclusive control of commissary funds, but
may expend them only for specified purposes. *Id.* subsecs. (b), (c). You ask whether
proceeds from pay telephones at the county jail are governed by section 351.0415.
Such proceeds would be governed by that section only if the legislature intended pay
telephones to be part of the commissary. To understand what the legislature
intended to encompass by the use of the term "commissary" in section 351.0415, it is
helpful to review past attorney general opinions in regard to the authority of a
sheriff to operate a jail commissary.

Attorney General Opinion C-67 (1963) considered the legality of the
operation of a jail commissary. The opinion noted that although there was no
statutory authority for a jail "commissary," a sheriff's authority to supply the "wants"
of inmates authorized him to provide toilet articles and other personal items to

inmates at cost. In Attorney General Opinion MW-143 (1980) this office again considered whether a county jail could operate a commissary. The opinion pointed out that in 1975 the legislature had created the Commission on Jail Standards to establish minimum standards for construction and operation of county jails and for the care of prisoners, and that the commission had promulgated a rule requiring a county jail to provide a commissary or to conduct a program allowing inmates to obtain supplies. Acts 1975, 64th Leg., ch. 480, at 1278. This office held that the creation of the commission and the commission's promulgation of a rule regarding commissaries gave a sheriff authority to operate a commissary. The opinion added that proceeds from the commissary were to be used for the benefit of the inmates. A subsequent opinion stated that a sheriff had no independent right to contract for a jail commissary. Attorney General Opinion MW-439 (1982).

In enacting section 351.0415 in 1989, the legislature codified and gave detail to the conclusion in Attorney General Opinion MW-143 that proceeds from a jail commissary were to be devoted to the benefit of jail inmates. Acts 1989, 71st Leg., ch. 980, at 4056. It also changed the result of Attorney General Opinion MW-439 by authorizing a sheriff to contract for the jail commissary. *See generally* Attorney General Opinion JM-1121 (1989) (sheriff may make purchases for jail commissary without consulting county purchasing agent). Of most significance to your question is the fact that section 351.0415 specified that a jail commissary is to be operated in accordance with rules adopted by the Commission on Jail Standards. Local Gov't Code § 351.0415(a). Because the term "commissary" initially appeared in the rules of the Commission on Jail Standards and because section 351.0415 was apparently enacted to clarify the application of those rules, the rules of the commission are an appropriate source to rely on in determining the scope of the term "commissary" in section 351.0415.

The rules of the commission do not contain a definition of "commissary." *See* 37 T.A.C. § 253.1 (definitions). The commission's rules regarding inmate privileges in county jails, however, clarify the commission's use of the term. 37 T.A.C. ch. 291. A jail's written plan for inmate privileges is to cover inmate privileges in a number of different areas. Id. Telephone privileges and commissary privileges are treated as separate categories. 37 T.A.C. § 291.1(1), (3).[1] That categorization indicates

---

[1]Telephone privileges and commissary privileges have been listed as separate categories since a rule regarding inmate privileges was first adopted in 1976. 1 Tex. Reg. 3599 (1976).

that the commission did not understand the term "commissary" to include pay telephones. Therefore, proceeds from pay telephones in county jails are not governed by section 351.0415 of the Local Government Code. Any proceeds the sheriff receives should be paid to the county treasurer.

## SUMMARY

Proceeds from pay telephones in county jails are not governed by section 351.0415 of the Local Government Code and should be paid to the county treasurer.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General