OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

November 6, 2001

The Honorable Tim Cone
Criminal District Attorney
Upshur County Justice Center
405 North Titus Street
Gilmer, Texas 75644

Opinion No. JC-0432

Re: Whether Upshur County may pay the City of Gilmer for half the cost of golf towels given to members of the legislature in connection with Upshur County Day (RQ-0401-JC)

Dear Mr. Cone:

On behalf of the Upshur County Commissioners Court and the Upshur County Auditor, you ask whether the county may reimburse the City of Gilmer for half of the cost of golf towels given to legislators in connection with Upshur County Day. Upshur County may not reimburse the City of Gilmer for half the city's cost for the golf towels already given to legislators by the city.

Several officials from Upshur County and the City of Gilmer, its county seat, attended Upshur County Day in Austin.[1] *See* Tex. H.R. 419, 77th Leg., R.S. (2001) (resolution recognizing April 11, 2001, as Upshur County Day at the State Capitol). During this trip, golf towels prepared at the direction of the City of Gilmer and the Gilmer Industrial Foundation and inscribed with a five-color City of Gilmer logo were given as gifts to legislators.[2] The City of Gilmer sought reimbursement from the county in the amount of $443.77, half of the cost of the towels. *See* Request Letter, note 1, at 1. You question whether this payment would be an authorized expenditure of public funds.

The issue before us is whether Upshur County may reimburse the city for an expenditure it made in the past. Thus, we need not consider whether Upshur County could have decided in advance to spend public funds for this purpose. *See generally Bland v. City of Taylor*, 37 S.W.2d 291 (Tex. Civ. App.–Austin 1931), *aff'd, Davis v. City of Taylor*, 67 S.W.2d 1033 (Tex. 1934) (authority of city to spend money to advertise itself and promote growth and development); Tex. Att'y Gen. Op. Nos. JC-0212 (2000) (whether city may join with local school district in sending high

_____

[1]Letter from Honorable Tim Cone, Upshur County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General (July 5, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Memo from Pam Long, Upshur County Auditor, to Honorable Tim Cone, Upshur County Criminal District Attorney (Apr. 16, 2001) (on file with Opinion Committee) (attached to Request Letter).

school musical groups to out-of state performances); JM-220 (1984) (authority of local governments to spend money for sesquicentennial celebration).

The commissioners court exercises the county's authority to contract and to determine how county funds will be spent. *Canales v. Laughlin*, 214 S.W.2d 451, 455 (Tex. 1948); *Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941); *Weber v. Sachse*, 591 S.W.2d 563, 565 (Tex. Civ. App.–Dallas 1979, writ dism'd). Its authority to spend public funds is subject to constitutional limits. A county may not "grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever." TEX. CONST. art. III, § 52. A "corporation" within this provision includes municipal and political corporations. *See San Antonio Indep. Sch. Dist. v. Bd. of Trs. of the San Antonio Elec. & Gas Sys.*, 204 S.W.2d 22, 25 (Tex. Civ. App.–El Paso 1947, writ ref'd n.r.e.) (city could not lend or donate public funds to school district, which was a separate municipal corporation). A county may not contribute its funds to another local government, unless it is to carry out a county purpose. *See Bexar County Hosp. Dist. v. Crosby*, 327 S.W.2d 445 (1959); *State ex rel. Grimes County Taxpayers Ass'n v. Tex. Mun. Power Agency*, 565 S.W.2d 258, 266 (Tex. Civ. App.–Houston [1st Dist.] 1978, writ dism'd).

The Gilmer City Council, in deciding to buy golf towels to give to legislators, presumably determined that a public purpose of the city would be served by the expenditure, but the commissioners court was not involved in this decision and did not determine whether an expenditure for this purpose would serve a county purpose. The city carried out its purpose by giving the towels away in connection with Upshur County Day, and the transaction has run its course. A transfer of funds from Upshur County to Gilmer at this point would not contribute to the original purpose of the transaction, but would only replenish the city's treasury for part of the city's expenditure for this purpose. The "reimbursement" to Gilmer would amount to an unconstitutional donation of county funds to the city, in violation of article III, section 52 of the Texas Constitution.

Article III, section 53 of the Texas Constitution also bars Upshur County from making payment to the city. Article III, section 53 provides that a county or municipal corporation has no authority to grant extra compensation to a public servant or contractor after service has been rendered. After the county has entered into a contract and work under it has begun, this provision bars a county from paying the contractor more that it agreed in the contract to pay him. *See Shelby County v. Gibson*, 44 S.W. 302 (Tex. Civ. App.–1898, writ ref'd). If a county attempts to enter into a contract but lacks authority to do so, or fails to comply with applicable laws, this constitutional provision bars the county from paying a claim based on the alleged contract. *See Harlingen Indep. Sch. Dist. v. C.H. Page & Bro.*, 48 S.W.2d 983, 986 (Tex. Comm'n App. 1932, judgm't adopted).

In this case, the towels were produced at the direction of the City of Gilmer and the Gilmer Industrial Foundation, and Upshur County was not a party to this agreement. The Upshur County Commissioners Court did not contract to pay $443.77 or any other amount in exchange for having

a specific number of golf towels prepared, and thus there is no valid contract under which the county could make payment for the towels.  Because the city's request for "reimbursement" is not based on a valid contract between the city and Upshur County, article III, section 53 bars Upshur County from making payment to the city.  Upshur County may not reimburse the City of Gilmer for any of the city's cost for the golf towels given to legislators by the city in connection with Upshur County Day.

## S U M M A R Y

Article III, sections 52 and 53 of the Texas Constitution bar Upshur County from reimbursing the City of Gilmer for half the city's cost for golf towels given to legislators in connection with Upshur County Day.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee