ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 20, 2005

Ms. L. Marliessa Clark, C.P.A.                    Opinion No. GA-0340
Hamilton County Auditor
Hamilton County Courthouse                        Re: Procedures applicable to a county's accounting
Hamilton, Texas 76531                             for and spending excess contributions returned to a
                                                  county pursuant to section 26.008 of the Government
                                                  Code  (RQ-0311-GA)

Dear Ms. Clark:

You inquire about the expenditure of funds returned to Hamilton County pursuant to Government Code section 26.008 and about your authority as county auditor to account for those funds.[1] You disagree with the county attorney's opinion on this subject.[2]

I.    **Legal Background**

Section 26.008 applies to a county that sends certain court costs to the state comptroller, who deposits the money into the judicial fund, a separate fund in the state treasury. *See* TEX. GOV'T CODE ANN. § 21.006 (Vernon 2004) (establishing judicial fund). The legislature appropriates the court costs from the judicial fund to supplement the salary of the county judge in participating counties. *See* General Appropriations Act, 78th Leg., R.S., ch. 1330, art. IV, 2003 Tex. Gen. Laws 5023, 5570-72; *see also* TEX. GOV'T CODE ANN. §§ 26.006 (Vernon 2004), 51.703 (Vernon 2005) (governing salary supplements for county judges); Tex. Att'y Gen. Op. No. JC-0305 (2000) at 2 (similar program to supplement salaries of statutory county court judges). At the end of each state fiscal year, the comptroller returns excess contributions to the participating counties. *See* TEX. GOV'T CODE ANN. § 26.008(a) (Vernon 2004). The amounts remitted to the county "shall be paid to the county's general fund to be used only for court-related purposes for the support of the judiciary as provided by Section 21.006." *Id.* § 26.008(b).

---

[1]Letter from L. Marliessa Clark, C.P.A., Hamilton County Auditor, to Honorable Greg Abbott, Texas Attorney General (Jan. 21, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* Letter from Honorable Andy J. McMullen, Hamilton County Attorney, to Hamilton County Commissioners Court (Dec. 28, 2004) (on file with Opinion Committee) [hereinafter McMullen Letter].

## II.     Factual Background

In Hamilton County, the fiscal year runs from October 1 to September 30 of the next calendar year, and the excess contributions ("section 26.008 funds") are returned to the county in September, after the county budget for the next year has been completed.[3] Thus, when the commissioners court prepares the budget, it does not know the amount of excess contributions the county will receive. The county attorney's letter states that all excess contributions paid to Hamilton County under section 26.008 "should be placed in a separate fund and spent in accordance with a special budget." McMullen Letter, *supra* note 2, at 1. "At the end of each fiscal year, any balance remaining in this fund will be carried forward in the same fund." *Id.*

## III.     Questions

We paraphrase your questions about the section 26.008 funds:

1. Does Government Code section 26.008 implicitly require the county to create a separate fund to account for the excess contributions and to adopt a separate budget for them?

2. Does section 26.008 allow these funds to be accumulated from year to year to allow for differences between the state fiscal year and the county fiscal year or for other reasons?

3. Would the offset of day-to-day expenses to support the judiciary, such as fees for court-appointed attorneys, court reporters, juvenile detention, and wages and benefits for court employees, constitute court-related purposes? Does Local Government Code section 112.001 allow the county auditor to require that accounting?

4. Is it the intent of section 26.008 to budget these funds only for extraordinary expenses of the judiciary?

*See* Request Letter, *supra* note 1, at 2.

## IV.     Must a County Create a Separate Fund and Adopt a Separate Budget for Excess Contributions ?

We first consider whether the excess contributions must be kept in a separate fund and allocated by a separate budget. Section 26.008 of the Government Code provides that the excess contributions "shall be paid to the county's general fund to be used only for court-related purposes

---

[3]Telephone Conversation with L. Marliessa Clark, Hamilton County Auditor (Mar. 30, 2005) [hereinafter Clark Telephone Conversation].

for the support of the judiciary as provided by Section 21.006." TEX. GOV'T CODE ANN. § 26.008 (Vernon 2004). Section 21.006, which creates the judicial fund as a separate fund in the state treasury, provides that "[t]he fund shall be used only for court-related purposes for the support of the judicial branch of the state." *Id.* § 21.006. Numerous statutes require court costs to be paid into the judicial fund. *See, e.g., id.* §§ 51.005 (fees in civil cases); 51.702(d) (fees in civil cases in statutory county courts); 51.703(e) (fees in certain county courts); 51.704 (fees in statutory probate courts) (Vernon 2005).

Section 26.008, in providing that the excess contributions shall be used "only for court-related purposes," reflects the constitutional principle that fees charged to litigants may be used only for the support of the judiciary. *See* TEX. CONST. art. I, § 13 (open courts provision); Tex. Att'y Gen. Op. No. JC-0158 (1999) at 3. A court fee that is used for general revenue purposes instead of court-related purposes is an arbitrary and unreasonable interference with the right of access to the courts protected by the "open courts" provision, article I, section 13 of the Texas Constitution. *See LeCroy v. Hanlon,* 713 S.W.2d 335, 341-43 (Tex. 1986); *Dallas County v. Sweitzer,* 881 S.W.2d 757, 765-66 (Tex. App.–Dallas 1994, writ denied); Tex. Att'y Gen. Op. No. GA-0231 (2004) at 3.

Section 26.008(b) provides that the excess contributions are to be paid to the county general fund. After the county receives the funds, it must ensure that the excess contributions are "used only for court-related purposes." TEX. GOV'T CODE ANN. § 26.008(b) (Vernon 2004). Section 26.008(b) does not expressly require the county to create a separate fund or adopt a separate budget for the excess contributions, nor does it address accounting methods. We will look at the laws governing budget preparation in Hamilton County to determine whether the excess contributions should be placed in a separate fund with a separate budget.

County budget-making authority is vested in the commissioners court. *See Hooten v. Enriquez,* 863 S.W.2d 522, 528-29 (Tex. App.–El Paso 1993, no writ), *Comm'rs Court of Caldwell County v. Criminal Dist. Attorney,* 690 S.W.2d 932, 933 (Tex. App.–Austin 1985, writ ref'd n.r.e.); *see also* TEX. LOC. GOV'T CODE ANN. §§ 111.008; .039; .068 (Vernon 1999) (adoption of budget by commissioners court). Chapter 111 of the Local Government Code governs budget preparation in Texas counties. The Hamilton County budgeting process is subject to chapter 111, subchapter A, which applies to counties with a population of 225,000 or less.[4] *See* TEX. LOC. GOV'T CODE ANN. § 111.001 (Vernon 1999).[5] Subchapter A requires Hamilton County to prepare an annual budget: "During the 7th or 10th month of the fiscal year, . . . the county judge, assisted by the county auditor or county clerk, shall prepare a budget to cover *all proposed expenditures* of the county government

[4]*See* U.S. BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 2000 CENSUS OF POPULATION, TEXAS QUICKFACTS, *available at* http://quickfacts.census.gov/qfd/states/48/48193.html (population of Hamilton County in 2003 estimated at 8,118) (last visited June 14, 2005). Thus, Hamilton County may not operate under the alternate method of budget preparation applicable to counties with a population of more than 125,000. *See* TEX. LOC. GOV'T CODE ANN. § 111.061 (Vernon 1999).

[5]*See also id.* §§ 111.031 (subchapter B applies to a county with a population of more than 225,000); 111.061 (county with a population of more than 125,000 may choose to operate under subchapter C instead of subchapter A or B).

for the succeeding fiscal year." *Id.* § 111.003 (emphasis added). "After final approval of the budget, the commissioners court may spend county funds only in strict compliance with the budget, except in an emergency." *Id.* § 111.010(b). *See id.* § 111.010(c) (emergency amendment of the budget); *see also id.* § 111.011 (subchapter A "does not prevent the commissioners court from making changes in the budget for county purposes"). Thus, as a general matter, the county has one budget for the fiscal year.

Hamilton County has express authority to adopt a special budget for certain kinds of funds. For example, if the county receives revenue "from a new source not anticipated before the adoption of the budget and not included in the budget for that fiscal year," the county auditor shall certify the receipt of the revenue to the commissioners court, and "the court may adopt a special budget for the limited purpose of spending the revenue for general purposes or for any of its intended purposes." *Id.* § 111.0108 (Vernon Supp. 2004-05). Similar provisions authorize the commissioners court to adopt a special budget for the limited purpose of spending for its intended purpose "public or private grant or aid money . . . available for disbursement in a fiscal year but not included in the budget for that fiscal year" and "revenue from intergovernmental contracts . . . available for disbursement in a fiscal year but not included in the budget for that fiscal year." *Id.* §§ 111.0106, .0107 (Vernon 1999).

No provision authorizing a special budget applies to the excess contributions returned to the county pursuant to Government Code section 26.008. The section 26.008 funds are not "from a new source not anticipated before the adoption of the budget." *Id.* § 111.0108 (Vernon Supp. 2004-05). Hamilton County began receiving excess contributions pursuant to section 26.008 of the Government Code in 1999. *See* McMullen Letter, *supra* note 2, at 1. After the county began to receive excess contributions in 1999, it could anticipate receiving more such funds in subsequent years. The excess contributions are not "grant or aid money" or "revenue from intergovernmental contracts" within the other provisions authorizing special budgets. TEX. LOC. GOV'T CODE ANN. §§ 111.0106, .0107 (Vernon 1999). Accordingly, the Hamilton County Commissioners Court does not have authority to adopt a special budget, distinct from the annual county budget, for the excess contributions received by the county pursuant to Government Code section 26.008.

The legislature has authorized the county judge to estimate revenues to be received during the ensuing fiscal year. The itemized budget prepared by the county judge "must contain a complete financial statement of the county" that shows, among other information, "the funds received from all sources during the preceding fiscal year; . . . the funds available from all sources during the ensuing fiscal year; . . . [and] the estimated revenues available to cover the proposed budget." *Id.* § 111.004(b)(3)-(5). It is within the discretion of the county judge to estimate the excess contributions that the county will receive in any fiscal year. *See Guerra v. McClellan*, 250 S.W.2d 241, 245 (Tex. Civ. App.–San Antonio 1952), *aff'd*, 258 S.W.2d 72 (Tex. 1953); Tex. Att'y Gen. Op. Nos. O-2076 (1940) at 6, O-1231 (1939) at 3.

While the Hamilton County Commissioners Court lacks authority to adopt a special budget for the excess contributions, the Local Government Code authorizes it to provide that the funds maintain their separate identity in the county budget. *See* TEX. LOC. GOV'T CODE ANN. § 113.004(c)

(Vernon 1999). The county must take some measures to ensure that the excess contributions are "used only for court-related purposes for the support of the judiciary." TEX. GOV'T CODE ANN. § 26.008(b) (Vernon 2004). The commissioners court may, for example, require the county treasurer to keep these funds in a special account within the county general fund. "The county treasurer, as chief custodian of county funds, shall keep in a designated depository and shall account for all money belonging to the county" and "shall receive all money belonging to the county from whatever source it may be derived." TEX. LOC. GOV'T CODE ANN. §§ 113.001, .003 (Vernon 1999). The county treasurer is required to "divide the funds received by the treasurer's office" into classes according to Local Government Code section 113.004, and "[t]he commissioners court, as it considers proper, may require other accounts to be kept, creating other classes of funds." *Id.* § 113.004(a)-(c). *See* Tex. Att'y Gen. Op. No. JM-933 (1988) at 2 (commissioners court may require separate bank account for airport fund). *See also* Tex. Att'y Gen. Op. No. H-1254 (1978) at 2 (county may place different county funds in a single bank account as long as limited purpose funds are segregated by proper accounting procedures). The comptroller recognizes that counties may establish "special revenue funds," defined as a category of funds "used to account for the proceeds of specific revenue sources (other than special assessments, expendable trusts or for major capitol [sic] projects) that are legally restricted to expenditure for specified purposes." COMPTROLLER OF PUBLIC ACCOUNTS, BUDGETING HANDBOOK FOR TEXAS COUNTIES, SAMPLE CLASSIFICATION OF ACCOUNTS, app. C (2001), *available at* http://www.window.state.tx.us/lga /budgetco (last visited June 6, 2005). *See* TEX. LOC. GOV'T CODE ANN. § 112.003 (Vernon Supp. 2004-05) (the State Comptroller of Public Accounts "shall prescribe and prepare the forms to be used by county officials in the collection . . . and in the disbursement of funds").

After the budget is adopted, section 111.091(a) requires "the county auditor . . . [to] open an appropriation account *for each main budgeted or special item* in the budget." *Id.* § 111.091(a) (Vernon 1999) (emphasis added). The commissioners court should consider drafting the budget so that expenditures from excess contributions constitute a special item in the budget for which a separate appropriation account must be opened. Thus, the county commissioners may take measures to separate the excess contributions within the general fund and to insure that they are spent only for "court-related purposes for the support of the judiciary." TEX. GOV'T CODE ANN. § 26.008 (Vernon 2004).

## V.     May A County Accumulate Excess Contributions from Year to Year?

You next ask whether section 26.008 allows these funds to be accumulated from year to year. Section 26.008 does not provide a deadline for spending these funds. The commissioners court has broad discretion over the allocation of county funds, subject to judicial review on an abuse of discretion standard. *See Hooten,* 863 S.W.2d at 529; *Weber v. City of Sachse,* 591 S.W.2d 563, 565-66 (Tex. App.–Dallas 1979, writ dism'd); Tex. Att'y Gen. Op. No. GA-0295 (2005) at 6. *See generally Comm'rs Court of Caldwell County,* 690 S.W.2d at 933-34. The commissioners court may make reasonable decisions about the time when the excess contributions are used for court-related purposes, subject to judicial review for abuse of discretion. *See Hooten,* 863 S.W.2d at 529. Any such funds remaining at the end of a fiscal year must be used for court-related purposes at a future time.

## VI.     Court-related Purposes

Your third question raises the following issues: whether various day-to-day expenses to support the judiciary, such as fees for court-appointed attorneys, court reporters, juvenile detention, and wages and benefits for court employees, constitute court-related purposes; whether these expenses may be offset against section 26.008 funds; and whether Local Government Code section 112.001 allows the county auditor to require such accounting. As to your fourth question, you ask if it is the intent of section 26.008 to allocate the excess contributions only for extraordinary expenses of the judiciary.[6] *See* Request Letter, *supra* note 1, at 2.

We will consider together the two issues that require us to address the meaning of "court-related purposes" in sections 21.006 and 26.008 of the Government Code: whether the day-to-day expenses of the judiciary constitute court-related expenses, and whether section 26.008 requires the excess contributions to be allocated only to extraordinary expenses of the judiciary. This office has determined that "'court-related purposes' under section 21.006 of the Government Code include not only judges' salaries, but any other costs necessary to support the operation and maintenance of the courts and the administration of justice." Tex. Att'y Gen. Op. No. JC-0158 (1999) at 3; *see also* Tex. Att'y Gen. Op. No. JC-0376 (2001) at 2 (funds distributed to the counties under section 26.008 may be expended to compensate court employees). Thus, the section 26.008 funds may be allocated in the county budget for these day-to-day expenses of the judiciary. Section 26.008 does not require the excess contributions to be allocated for extraordinary expenses of the judiciary, but it does not prohibit the commissioners court from allocating these funds for such purposes. The commissioners court is authorized to make reasonable decisions as to whether a particular expenditure is for court-related purposes, subject to judicial review for abuse of discretion. *See Hooten*, 863 S.W.2d at 529; *Weber*, 591 S.W.2d at 565; Tex. Att'y Gen. Op. No. GA-0231 (2004) at 4.

## VII.    May Excess Contributions be Offset Against Funds Budgeted for Court-related Purposes in Prior Fiscal Years?

We turn to your question about the "offset" of excess contributions. Hamilton County did not maintain a separate account for section 28.006 funds in the past and cannot now show how these funds were allocated and expended under the budgets for prior fiscal years.[7] As county auditor, you have proposed "offsetting" excess contributions received in the past against the amount allocated in each prior budget for court-related purposes. *See* E-mail from L. Marliessa Clark, Hamilton County Auditor, to Susan Garrison, Assistant Attorney General, Opinion Committee (Apr. 8, 2005, 3:24:27 PM, CST). You note that "during the 2003-2004 budget year this county spent $97,573.17 in support of the judiciary [and] we received $1,266.68 in 'excess contributions.'" *Id.* Thus, you take the position that all "excess contributions" received in prior years have been spent for "court-related purposes." *Id.* You ask whether Local Government Code section 112.001 authorizes you to require

---

[6]For example, the commissioners court might wish to save the excess contributions to cover costs of a capital murder trial. Clark Telephone Conversation.

[7]Telephone Conversation with Honorable Andy J. McMullen, Hamilton County Attorney (Apr. 8, 2005).

such accounting of the excess contributions received in prior fiscal years. *See* Request Letter, *supra* note 1, at 2.

Section 112.001 provides as follows:

> In a county with a population of less than 190,000, the county auditor may adopt and enforce regulations, *not inconsistent with law* or with a rule adopted under Section 112.003,[8] that the auditor considers necessary for the speedy and proper collecting, checking, and accounting of the revenues and other funds and fees that belong to the county.

TEX. LOC. GOV'T CODE ANN. § 112.001 (Vernon 1999) (emphasis added). *See* Tex. Att'y Gen. Op. Nos. M-579 (1970) at 2, C-276 (1964) at 3 (county auditor's responsibilities under the statutory predecessor of section 112.001).

Neither the county auditor nor the commissioners court may amend an expired county budget to provide that excess contributions received in that fiscal year were spent under the budget. Section 112.001 does not in any case allow the auditor to amend the county budget because authority to amend the budget is vested in the commissioners court. *See* TEX. LOC. GOV'T CODE ANN. § 111.010(b), (d) (Vernon 1999). Nor may the commissioners court amend a budget for a fiscal year that has ended. Chapter 111, subchapter A establishes an annual budget cycle, and the court's powers and duties relate to the budget adopted for a single fiscal year. *See generally id.* § 111.003 (budget prepared for all proposed expenditures for succeeding fiscal year). The commissioners court is authorized to amend the "original budget" and must "file a copy of its order amending the budget with the county clerk." *See id.* § 111.010(c). The "original budget" that may be amended is the budget for the current fiscal year that the commissioners court approved and filed with the county clerk pursuant to chapter 111, subchapter A. *See id.* §§ 111.008, .009.[9] Of course, if any court-related expense incurred in prior years remains unpaid, the commissioners court may allocate section 26.008 funds to that expense in a future budget. *See generally Waller County v. Freelove*, 210 S.W.2d 602, 604 (Tex. Civ. App.–Galveston 1948, writ ref'd n.r.e.) (suit by architect for fees not precluded by county's failure to include fees in budget).

The Hamilton County Commissioners Court, while preparing a particular budget that has since expired, could have decided to spend the excess contributions for court-related purposes under

---

[8]Section 112.003 authorizes the state comptroller to "prescribe the manner of keeping and stating the accounts" of county officials. TEX. LOC. GOV'T CODE ANN. § 112.003 (Vernon Supp. 2004-05).

[9]Attorney General Opinion MW-169 concluded that a commissioners court may amend an expired county budget. *See* Tex. Att'y Gen. Op. No. MW-169 (1980) at 2. We overrule this conclusion, which misread language in a judicial decision. *See Rains v. Mercantile Nat'l Bank at Dallas*, 188 S.W.2d 798, 803 (Tex. Civ. App.–El Paso 1945), *aff'd*, 191 S.W.2d 850 (Tex. 1946) (under statute authorizing budget change, subject to statute authorizing emergency amendment, "a county budget may be amended at any time"). The office has already overruled the other conclusions in Attorney General Opinion MW-169. *See* Tex. Att'y Gen. Op. JM-784 (1987) at 12.

that budget or to save such funds for future court-related purposes. *See Hooten*, 863 S.W.2d at 528-29; *Comm'rs Court of Caldwell County*, 690 S.W.2d at 933 (commissioners court has broad discretion in making budgetary decisions). The expired budgets themselves and records about their preparation might indicate whether the Hamilton County Commissioners Court made any decisions about excess contributions in past years. However, an attorney general opinion cannot determine whether a now-expired county budget allocated section 28.006 funds. This determination involves the investigation and resolution of fact questions, which cannot be done in an attorney general opinion. *See* Tex. Att'y Gen. Op. Nos. GA-0104 (2003) at 4, JC-0576 (2002) at 4 n.3, H-944 (1977) at 5. If it cannot be shown that the excess contributions were spent in prior years, the commissioners court should consider determining that those funds have accumulated from year to year and remain available to spend for court-related purposes under the county's budget for the next fiscal year.

## S U M M A R Y

Section 26.008 of the Government Code applies to court costs collected by certain counties and remitted to the comptroller to supplement county judges' salaries. Under section 26.008, the Comptroller of Public Accounts returns excess contributions to the participating counties, to be used only for court-related purposes for the support of the judiciary. Section 26.008 does not require the Hamilton County Commissioners Court to create a separate fund to account for the excess contributions or to adopt a separate budget for those funds. The Hamilton County Commissioners Court does not have authority to adopt a special budget, distinct from the annual county budget, for the excess contributions.

The "court-related purposes" for which the excess contributions may be spent include judges' salaries and any other costs necessary to support the operation and maintenance of the courts and the administration of justice. Section 26.008 does not prohibit the commissioners court from allowing the excess contributions to be accumulated from year to year.

The county budget of a prior fiscal year may not be retroactively amended to provide that excess contributions received in that year were spent under that budget.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee