

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 21, 2007

The Honorable John R. Roach
Collin County Criminal District Attorney
Collin County Courthouse
210 South McDonald, Suite 324
McKinney, Texas 75069

Opinion No. GA-0588

Re: A law enforcement agency's authority concerning money seized as contraband pending a court's rendition of final judgment (RQ-0595-GA)

Dear Mr. Roach:

You ask about a law enforcement agency's authority concerning money seized as contraband pending a court's rendition of final judgment. Specifically, you ask whether a law enforcement agency that seizes money as contraband is authorized to (1) maintain custody of the money in a secure evidence room, (2) deposit the money in a non-interest-bearing account; or (3) deposit the money in an interest-bearing account.[1]

## I. Applicable Law

Your questions require consideration of pertinent provisions of chapter 59 of the Code of Criminal Procedure, which generally governs the state's seizure, forfeiture, and disposition of contraband property. *See* TEX. CODE CRIM. PROC. ANN. art. 59.01–.14 (Vernon 2006) (chapter 59). Contraband may be property of any nature, including money. *See id.* art. 59.01(2); *see also $7,058.84 in U.S. Currency v. State*, 30 S.W.3d 580, 586 (Tex. App.—Texarkana 2000, no pet.) (holding that money "either intended for use in, or derived from, a violation of the offenses listed in the forfeiture statute" is contraband). Contraband, including money, is subject to seizure by a peace officer and forfeiture by a court. *See* TEX. CODE CRIM. PROC. ANN. arts. 59.02(a), .03(a)–(b), .05(e) (Vernon 2006).

Article 59.03, which authorizes the seizure of contraband property, provides that the officer who seizes property "has custody" of it subject only to statutory replevy or to a court order. *Id.* art. 59.03(c). Within seventy-two hours of seizure, the officer must:

(1) place the property under seal;

---

[1]*See* Letter from John R. Roach, Collin County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1–2 (June 21, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

(2)    remove the property to a place ordered by the court; or

(3)    require a law enforcement agency of the state or a political subdivision to take custody of the property and move it to a proper location.

*Id.* art. 59.03(c). The officer who has seized property also must provide a sworn statement about the seizure of property to the attorney representing the state. *Id.*

The attorney representing the state must commence forfeiture proceedings within thirty days of seizure. *Id.* art. 59.04(a). If, after a hearing, the court determines that property is contraband, it must order the property forfeited to the state and designate the attorney representing the state as the state's agent. *See id.* art. 59.05(e). The attorney representing the state must administer all forfeited property "in accordance with accepted accounting practices" and must dispose of the property according to the detailed provisions of article 59.06. *Id.* art. 59.06(a); *see also id.* art. 59.05(e).

During the interim between seizure of the property and final judgment, a court may make temporary orders regarding the property. *See id.* arts. 59.02(e). On motion of "any party" or on its own motion, after notice and hearing, a court may "make appropriate orders to preserve and maintain the value of [seized] property until a final disposition of the property." *Id.*; *see also* art. 59.03(c)(2). Section 59.08 specifically concerns money seized as contraband, authorizing the attorney representing the state to deposit such money in an interest-bearing bank account pending final judgment. *Id.* art. 59.08(a). If a final judgment of forfeiture is rendered, principal and interest from the seized money must be distributed in the same manner as proceeds are distributed under article 59.06. *Id.* art. 59.08(b).

## II.    Analysis

Your questions concern a law enforcement agency's authority after one of its officers has seized money as contraband but before a court has rendered final judgment concerning the property. Request Letter, *supra* note 1, at 1–2. To address your questions, we must harmonize the provisions of chapter 59 that concern the temporary disposition of contraband during that interim. *See La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 565 (Tex. 1984) (holding that "[g]enerally, courts are to construe statutes so as to harmonize with other relevant laws, if possible").

Under article 59.03, the officer who seizes property as contraband has custody of it, subject to replevy or court order. TEX. CODE CRIM. PROC. ANN. art. 59.03(c) (Vernon 2006). The court may issue orders directing the officer's custody and temporary disposition of the property. *See id.* arts. 59.02(e), .03(c)(2). Absent such an order, however, the officer with custody of property must either place it under seal or require a law enforcement agency to take custody of it. *Id.* art. 59.03(c)(1), (3). The law enforcement agency that takes custody of property must move it to a "proper location." *Id.* art. 59.03(c)(3). While custody is not defined in article 59.03(c), its provisions describe alternative measures manifestly intended to secure the property as appropriate. *See id.* art. 59.03(c)(1), (3). This understanding of the purpose of article 59.03 is consistent with the ordinary meaning of the

word "custody" as it pertains to property. *See, e.g.,* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 559 (2002) (defining "custody" as "the act or duty of guarding and preserving (as by a duly authorized person or agency): SAFEKEEPING . . . judicial or penal safekeeping: control of a thing or person with such actual or constructive possession as fulfills the purpose of the law or duty requiring it: imprisonment or durance of persons or charge of things"); BLACK'S LAW DICTIONARY 390 (7th ed. 1999) (defining "custody" in general as "[t]he care and control of a thing or person for inspection, preservation, or security"); Tex. Att'y Gen. Op. No. DM-247 (1993) at 13 (construing "custody" in article 59.03(c) to mean "safekeeping" (citing WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 318 (1989))).

Article 59.03(c)(3) does not specify how long a law enforcement agency must maintain custody of seized property. *See* TEX. CODE CRIM. PROC. ANN. art. 59.03(c)(3) (Vernon 2006). When the article is construed in the context of chapter 59 as a whole, however, a law enforcement agency's authority and responsibility to maintain custody of seized property continues, subject to court order or other applicable law, until a court directs the property's disposition in a final judgment. *See id.* arts. 59.03(c)(3), .05(e).

Article 59.03(c)(3) is also silent about the allowable means of maintaining custody of seized property. *Id.* art. 59.03(c)(3). But article 59.03(c)(3) inherently authorizes a law enforcement agency to take reasonable measures to maintain custody of seized property. *See Fort Bend County Wrecker Ass'n v. Wright*, 39 S.W.3d 421, 425 (Tex. App.—Houston [1st District] 2001, no pet.) (holding that when a statute grants power, "the statute must be construed to include the reasonable authority necessary to attain the end result"). The article leaves the choice of an appropriate means for maintaining custody of seized property to the law enforcement agency's reasonable discretion. *See* TEX. CODE CRIM. PROC. ANN. art. 59.03(c)(3) (Vernon 2006); *cf. Weber v. City of Sachse*, 591 S.W.2d 563, 567 (Tex. Civ. App.—Dallas 1979, writ dism'd) (recognizing sheriff's reasonable discretion to make law enforcement decisions to comply with statutory duty to conserve the peace).

You ask specifically whether a law enforcement agency may maintain custody of seized money in the agency's secure evidence room. *See* Request Letter, *supra* note 1, at 2. While the answer will depend on the specific facts and circumstances, a court could well conclude that maintaining money in a secure evidence room is a reasonable exercise of a law enforcement agency's discretion under article 59.03(c)(3). *See* TEX. CODE CRIM. PROC. ANN. art. 59.03(c)(3) (Vernon 2006). You also ask whether a law enforcement agency may deposit seized money in a non-interest-bearing account for safekeeping. *See id.* No provision in chapter 59 prohibits such a deposit and, again, a court could conclude that depositing seized money in a non-interest-bearing account is a reasonable means of safeguarding it.[2]

Depositing seized money in an interest-bearing account is another matter, however. As you observe, article 59.08 expressly grants such authority to the attorney representing the state:

---

[2]In particular circumstances, there may be evidentiary concerns or other reasons for maintaining seized money in its condition as seized. As a matter of prudence, a law enforcement agency may wish to consult with the attorney representing the state before deciding to deposit seized money in a non-interest-bearing account.

> (a) If money that is contraband is seized, the attorney representing the state may deposit the money in an interest-bearing bank account in the jurisdiction of the attorney representing the state until a final judgment is rendered concerning the contraband.

*Id.* art. 59.08. From the choice of the word "may" in article 59.08(a), you surmise that the attorney's authority to deposit money in an interest-bearing account is discretionary. *See* Request Letter, *supra* note 1, at 1–2. If the authority of the attorney representing the state in article 59.08 is discretionary, you ask whether a law enforcement agency has independent authority to deposit seized money in an interest-bearing account when the attorney representing the state chooses not to do so. *See id.*

Article 59.08(a) plainly grants an attorney representing the state discretionary authority to deposit seized money in an interest-bearing account. The word "may" in a statute "creates discretionary authority or grants permission or a power" unless the context "necessarily requires a different construction." *See* TEX. GOV'T CODE ANN. § 311.016(1) (Vernon 2005) (Code Construction Act). Absent a court order to the contrary, the attorney representing the state has the discretion to decide whether to deposit seized money in an interest-bearing account under article 59.08(a), overriding the authority of a law enforcement agency to maintain custody of seized property under 59.03(c)(3). *See* TEX. CODE CRIM. PROC. ANN. arts. 59.03(c)(2)–(3), .08(a) (Vernon 2006).

Even if the attorney representing the state chooses not to make the deposit authorized by article 59.08(a), or fails to make any decision at all, the article does not expressly grant authority to a law enforcement officer or entity to deposit seized money in an interest-bearing account, nor may we infer such authority. As one court construing the predecessor of chapter 59 held, "[w]hen the legislature has carefully employed a term, such as 'law enforcement agency,' in one section of [the predecessor of chapter 59] and has excluded it in another, it should not be implied where excluded." *State v. $50,600.00*, 800 S.W.2d 872, 880 (Tex. App.—San Antonio 1990, writ denied) (citing *Smith v. Baldwin*, 611 S. W. 2d 611, 616 (Tex. 1980)); *see also Johnson v. Second Injury Fund*, 688 S.W.2d 107, 109 (Tex. 1985) (stating that "it is a settled rule [of statutory construction] that the express mention or enumeration of one person, thing, consequence, or class is equivalent to an express exclusion of all others" (quoting *State v. Mauritz-Wells Co.*, 175 S.W.2d 238, 241 (Tex. 1943))). Had the Legislature intended to grant general authority to deposit seized money in an interest-bearing account to law enforcement agencies as well as to the attorney representing the state, chapter 59 could easily have been written to say so.

We note that "any party" may seek temporary orders from the court to preserve and maintain seized property. *See* TEX. CODE CRIM. PROC. ANN. art. 59.02(e) (Vernon 2006). Under article 59.02(e), a law enforcement agency might seek an order of the court directing that seized money be deposited in an interest-bearing account pending final judgment. *See id.* But, to answer your remaining question, a law enforcement agency does not have independent authority to deposit seized money in an interest-bearing account pending the court's final judgment concerning the property.

## S U M M A R Y

Under article 59.03(c)(3) of the Code of Criminal Procedure, a peace officer may require a law enforcement agency to take custody of property, including money, that has been seized as contraband. The law enforcement agency's authority and responsibility to maintain custody under the article, subject to other law, continues until a court directs the property's disposition in a final judgment. The law enforcement agency has reasonable discretion to choose the means of maintaining custody of such property. However, a law enforcement agency does not have independent authority to deposit and maintain money seized as contraband in an interest-bearing account, and may do so only pursuant to court order.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee