Lamar **WALTON**, Appellant,

v.

**COUNTY OF DALLAS**, Texas and Derrick Evans, Constable Precinct 7, Appellees.

No. 05–03–00727–CV.

Court of Appeals of Texas, Dallas.

June 1, 2004.

James C. Belt, Jr., Atty. and Counselor at Law, Dallas, for appellant.

Bart Bevers, Jana Prigmore, Asst. Dist. Atty's, Dallas, for appellee.

Before Justices FITZGERALD, RICHTER, and LANG.

## MEMORANDUM OPINION

Opinion by Justice FITZGERALD.

Lamar Walton sued appellees County of Dallas, Texas (the "County") and Derrick Evans, Constable of Precinct 7 ("Evans") for wrongful termination pursuant to 42 U.S.C. § 1983, claiming a violation of Walton's rights to substantive and procedural due process. Walton appeals the trial court's summary judgment in favor of appellees. For the reasons that follow, we reverse the trial court's judgment.

The facts surrounding the termination of Walton's employment with the County are undisputed. Walton initially served as a deputy constable under Constable Burl Jernigan. When Jernigan withdrew from office, appellee Evans was appointed constable. Evans was sworn in on April 3, 2001, but he refused to re-swear in Walton as deputy constable. Walton attempted to file a civil service grievance with the County, claiming to be an "employee" within the meaning of the Dallas County Administrative Policy and Procedures Manual with protected civil-service status. The County denied Walton the opportunity to file a grievance and refused him a hearing on the propriety of his termination. Walton sued the County and Evans.

All parties filed motions for summary judgment. Walton argued that the terms of his employment as a deputy constable were governed by the County's civil service system. As a civil servant, Walton argued, his employment could be terminated only for just cause. He argued he was entitled to a hearing prior to discharge, and he was entitled to file a grievance after discharge. The defendants' motion argued that Walton had no due process rights related to the termination of his employment because he was merely an at-will employee with no property interest in his job; he served at the pleasure of the current constable. Alternatively, the de-

fendants argued, if Walton did have any due process rights related to his employment with the County, those rights ended with the term of the constable for whom he served. Any replacement constable, according to the defendants, had the right to select his own deputies. Finally, the defendants argued that Evans's "failure to rehire" Walton did not constitute a dismissal.

The trial court granted summary judgment for the defendants and denied Walton's motion, stating that "the court concurred with the position of that law presented in Defendants' Motion for Summary Judgment which stated that the constable had the right to choose his own deputy constables." Walton appealed.

Soon after Walton filed his brief in this Court, we issued our opinion in *County of Dallas v. Wiland,* 124 S.W.3d 390 (Tex.App.-Dallas 2004, pet. filed). In that opinion, under a nearly identical fact situation, this Court drew the following conclusions: a deputy constable employed by the County is indeed an "employee" within the meaning of the County's civil service system, *id.* at 397; a deputy constable may be dismissed only for cause and, thus, has a property interest in his employment, *id.;* the failure to "re-swear in" a deputy counsel is a termination of his employment, *id.* at 399; and a deputy constable's term is not limited by the term of the constable under whom the deputy serves. *See id.* at 400. Because the deputies in *Wiland* were not afforded the processes outlined by the civil service manual, we affirmed the trial court's judgment in favor of the employees on procedural due process grounds. *Id.*

The County and Evans acknowledge the *Wiland* opinion in their brief, but they are unable to distinguish it from this case. Likewise we are unable to distinguish Wal-

ton's rights as a deputy constable from the rights of the deputy constables in *Wiland.* None of the evidence or argument in the defendants' motion for summary judgment can effect a diminution of Walton's rights, which exist as a matter of law. Simply put, Walton was entitled to due process before termination, and it is undisputed that he was not afforded due process.

The standards for reviewing a summary judgment are well established. The party moving for summary judgment has the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). A defendant moving for summary judgment must either (1) disprove at least one element of the plaintiff's theory of recovery, or (2) plead and conclusively establish each essential element of an affirmative defense. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678–79 (Tex. 1979); *Zep Mfg. Co. v. Harthcock,* 824 S.W.2d 654, 657 (Tex.App.-Dallas 1992, no writ). Walton's third point of error alleges a failure by appellees to meet the first standard; his fourth point of error alleges a failure to meet the second. We agree with Walton that appellees' motion did not meet either standard.

Accordingly, we grant Walton's third and fourth points of error. We reverse the trial court's judgment and remand this cause for proceedings consistent with this opinion. Given this disposition, we need not address Walton's remaining points of error.