**COUNTY OF DALLAS, Texas and Derrick Evans, Constable Precinct 7, Petitioners,**

v.

**Lamar WALTON, Respondent.**

No. 04–0631.

Supreme Court of Texas.

Argued March 22, 2005.

Decided Feb. 16, 2007.

---

**26.** TEX. R. CIV. P. 198.2(b).

**27.** *Id.*

William T. Hill, Dallas County Criminal District Attorney's Office, Jana Marie Prigmore, Asst. District Atty., Bart Bevers, Dallas TX, for Petitioner.

James C. Belt Jr., Law Office of James C. Belt, Jr., Dallas TX, for Respondent.

Justice HECHT delivered the opinion of the Court, in which Justice WAINWRIGHT, Justice GREEN, Justice JOHNSON, and Justice WILLETT joined.

After Derrick Evans was appointed Dallas County Constable in April 2001 following the resignation of his predecessor, Burl Jernigan, respondent Larry Walton, one of Jernigan's deputies, was informed he would not be resworn as a deputy constable under Evans. Walton, a civil service employee, filed a grievance. The County's Personnel and Civil Service Department Director wrote to Walton that Evans was "not obligated to swear-in previous Deputy Constable employees" because deputy constables "serve[ ] at the discretion of the Constable and the Constable has the authority and responsibility to select his own staff." The director stated that the grievance was denied and that "[n]o other action [would] be taken regarding this issue." Walton sued the County and Evans under the Civil Rights Act of 1871[1] for depriving him of substantive and

---

1. 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the juris-

procedural due process in violation of the Fourteenth Amendment to the United States Constitution[2] and sought actual damages for loss of income, loss of benefits, harm to reputation, and mental anguish in the past and future, as well as attorneys' fees and reinstatement. During discovery, defendants admitted that the personnel director had "informed [Walton] that he had no right to file a grievance", that the County had denied Walton the right to file a grievance, and that the County had failed to provide a hearing on Walton's grievance. But the defendants moved for summary judgment on three grounds: that Walton did not have a property interest in his job, that Walton was not terminated, and that Walton had no substantive due process claim separate from his procedural due process claim. The trial court granted summary judgment for the defendants, but the court of appeals reversed and remanded,[3] based on its decision six months earlier in a virtually identical case, *County of Dallas v. Wiland*,[4] which involved the same claims by three other Dallas County deputy constables. Today, we have reversed the court of appeals' decision in *Wiland* and remanded the case to the trial court for further proceedings.[5]

■ Unlike the deputy constables in *Wiland*, Walton was required to sign the following statement when sworn in by Jernigan:

> I acknowledge, by accepting appointment as a Deputy Constable under Constable Burl Jernigan, that my appointment is at the will and pleasure of the Constable, and may be rescinded at any time.
>
> I further acknowledge that the term of my appointment is concurrent with that of the Constable, and if not rescinded will expire automatically at the expiration of the Constable's term of office.

Defendants argue that by this statement Walton "agreed ... that he had no property interest in the job." But the civil service statute does not contemplate that individual constables can unilaterally remove otherwise covered deputies from the civil service system.[6] The statement was thus of no effect.

diction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....")

2. U.S. CONST. amend. XIV, § 1 ("No State shall ... deprive any person of life, liberty, or property, without due process of law....").

3. 215 S.W.3d 425 (Tex.App.–Dallas 2004) (mem.op.).

4. 124 S.W.3d 390 (Tex.App.-Dallas 2004).

5. *County of Dallas v. Wiland*, 2007 WL 489983, 216 S.W.3d 344 (Tex.2007).

6. *Compare* TEX. LOC. GOV'T CODE § 158.009(a) ("Except as provided by Section 159.010, the [county civil service] commission shall adopt, publish, and enforce rules regarding: (1) the definition of a county employee; (2) selection and classification of county employees; ... and (8) other matters relating to the selection of county employees and the procedural and substantive rights, advancement, benefits, and working conditions of county employees."), *and id.* § 158.010("(a) The head of each department included in the coverage of a county civil service system may assume responsibility for selecting all persons who are to be employees of that department. (b) A person employed by a department whose head has assumed responsibility as provided by Subsection (a) serves as a probationary employee during the first six months after selection and may not be included in the coverage of the county civil service system during that six-month period ...."), *with* TEX. LOC. GOV'T CODE § 85.003(c) ("A deputy serves at the pleasure of the sheriff.").

Walton makes the identical substantive due process claim as the deputies in *Wiland*, and for the reasons there explained, that claim fails. But his procedural due process claim is valid because, like the deputies in *Wiland*, he was denied a hearing before the civil service commission on his grievance.

Accordingly, we reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings consistent with this opinion and our opinion in *Wiland*.

Justice BRISTER, joined by Chief Justice JEFFERSON, Justice O'NEILL, and Justice MEDINA, concurring.

Justice BRISTER, joined by Chief Justice JEFFERSON, Justice O'NEILL, and Justice MEDINA, concurring.

For the reasons stated in my separate opinion in *County of Dallas v. Wiland*,[1] I would affirm the court of appeals' judgment.

The facts here differ from those in *Wiland* in only three respects. First, Walton was discharged in the middle of a term rather than at the end. But as the Court unanimously holds in *Wiland*, in 2001 a Dallas County deputy's term did not expire when a constable left office, and could only be terminated for just cause.[2] As the County failed to assert any just cause in its summary judgment motion, it is immaterial when the discharge took place.

Second, when Constable Jernigan reappointed deputy Lamar Walton in January 2001, Walton was required to sign a notarized statement that the appointment "was at the will and pleasure of the Constable, and may be rescinded at any time," and if not rescinded "will expire automatically at the expiration of the Constable's term of office." I agree with the Court that this document did not and could not change Dallas County's civil service rules. State law authorized Dallas County's Civil Service Commission—not Constable Jernigan—to adopt rules governing the employment and dismissal of covered employees.[3] There would be little purpose for civil service systems if individual supervisors could cancel them with documents like this.

Third, unlike in *Wiland*, the County's motion for summary judgment here actually asserted that public employees did not have substantive due process rights to continued employment. For the reasons stated in *Wiland*, I would not render judgment on this uncertain question. As the County did not prove or even allege that Walton would have been dismissed for just cause had he been given a hearing, he is entitled to a trial on his procedural due process claim for lost wages.

Accordingly, while I would not render judgment on Walton's substantive due process claim, I join in the remainder of the Court's judgment.

---

1.  124 S.W.3d 390.

2.  *Id.* at 397.

3.  *See* TEX. LOC. GOV'T CODE § 158.009.