ACCEPTED
04-15-00341-cv
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
10/5/2015 3:30:03 PM
KEITH HOTTLE
CLERK

No. 04-15-00341-CV

# THE COURT OF APPEALS
## FOR THE FOURTH DISTRICT OF TEXAS
## SITTING AT SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
10/05/2015 3:30:03 PM
KEITH E. HOTTLE
Clerk

**BEXAR COUNTY CIVIL SERVICE COMMISSION,**
**Appellant**

**v.**

**CARMELLA GUERRERO,**
**Appellee**

_____

## BRIEF OF APPELLANT,
## BEXAR COUNTY CIVIL SERVICE COMMISSION

_____

**CLARKSON F. BROWN**
**Texas Bar Number 00798082**
**Assistant Criminal District Attorney**
**Civil Division**
**101 W. Nueva, Suite 735**
**San Antonio, Texas  78205**
**Telephone No. (210) 335-3918**
**Fax No. (210) 335-2773**

**IDENTITY OF PARTIES AND COUNSEL**

**Appellee**                                    **Appellant**
Bexar County Civil Service Commission           Carmella Guerrero


Trial and Appellate Counsel for Bexar County Civil Service Commission

Clarkson F. Brown
SBN: 00798082
101 W. Nueva, Suite 735
Assistant Criminal District Attorney
Civil Division
San Antonio, TX 78205
210-335-3918
cbrown@bexar.org

Trial and Appellate Counsel for Carmella Guerrero
Orlando R. Lopez
State Bar No. 24010196
LOPEZ SCOTT, L.L.C.
3707 N. St. Mary's Street, Suite 200
San Antonio, Texas 78212
Telephone: (210) 472-2100
Telecopier: (210) 472-2101
olopez@lopezscott.com

Appellate Counsel for Carmella Guerrero
Robert W. Clore
State Bar No. 24012436
15481 S. Padre Island Dr., Suite 101
Corpus Christi, Texas 78418
Telephone: (361) 558-3527
Facsimile: (361) 949-0908
rclore@robclorelaw.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................................ i

TABLE OF CONTENTS......................................................................................................ii

TABLE OF AUTHORITIES ...............................................................................................iii

BRIEF OF APPELLANT BEXAR COUNTY CIVIL SERVICE COMMISSION ....................... 1

STATEMENT OF THE CASE............................................................................................. 1

    a.   Order of the Commission ........................................................................... 1

    b.   Appeal of Commission's Order.................................................................. 1

    c.   Plea to the Jurisdiction .............................................................................. 1

    d.   Fourth Court of Appeals Holding............................................................... 1

    e.   Mrs. Guerrero's Motion for Summary Judgment....................................... 2

    f.   § 158.0122.  Procedures for Review under Substantial Evidence Rule .............................. 2

    g.   Second Civil Service Commission Hearing ................................................ 2

    h.   Appeal Heard by Judge Arteaga and Appeal to this Court ......................... 3

STATEMENT OF THE FACTS ........................................................................................... 3

ISSUES PRESENTED.......................................................................................................... 4

    1.   Did the Civil Service Commission act within their Authority? ........................... 4

    2.   Was the plaintiff provided her due process? ...................................................... 5

    3.   Did substantial evidence exist for the Order of the Commission? ..................... 5

Summary of the Argument.................................................................................................. 5

Argument ........................................................................................................................... 6

   Review under Substantial Evidence Rule.......................................................................... 6

    a.   Order of the Commission ........................................................................... 8

    b.   Fourth Court of Appeals Holding ............................................................... 8

    c.   Commissioners acted within their Authority .............................................. 9

    1.   Civil Service Rule 7.6.14 ................................................................................. 9

    2.   The Commission granted all of the relief it could............................................. 13

Mrs. Guerrero was Afforded Due Process ......................................................................... 16

Substantial Evidence Existed for the Order of the Commission......................................... 18

Prayer ............................................................................................................................... 20

CERTIFICATE OF SERVICE ............................................................................................. 22

APPENDIX........................................................................................................................ 23

# TABLE OF AUTHORITIES

**Cases**

*Arreaga v.Bexar County Sheriff's Dept.,* 90 S.W.3d 899, 901 (Tex. App.--San Antonio 2002, no pet.) ...................................................................................................... 6, 8, 22

*Bexar County Civil Serv. Comm'n v. Casals,* 63 S.W.3d 57, 59 (Tex. App.--San Antonio 2001, no pet.) ...................................................................................................... 6, 8, 22

*Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002) ......................... 12

*City of Dallas v. Hamilton,* 132 S.W.3d 632, 637 (Tex. App.--Eastland 2004, pet. denied) .. 8, 22, 23

*Commissioners Court of Caldwell County v. Criminal Dist. Attorney, Caldwell County,* 690 S.W.2d 932, 934 (Tex.App.--Austin 1985, writ ref'd n.r.e.) ...................................................... 17

*Commissioners' Court of Madison County v. Wallace,* 118 Tex. 279, 15 S.W.2d 535, 537 (1929) ...................................................................................................................... 16

*County of Dallas v. Walton*, 216 S.W.3d 367, 370...................................................... 20

*Dallas Cnty. Cmty. Coll. Dist. v. Bolton,* 185 S.W.3d 868, 874 (Tex. 2005) ................................ 12

*Dallas County Civil Service Comm'n v. Warren,* 988 S.W.2d 864, 869 (Tex. App.--San Antonio 1999, no pet.) ...................................................................................................... 9, 22, 23

*Guerrero v. Bexar County Civ. Serv. Comm'n*, 2012 Tex. App. LEXIS 10701 ......... 1, 4, 9, 10, 20

*Hooten v. Enriquez*, 863 S.W.2d 522, 529 (Tex. App. El Paso 1993)...................................... 18

*Iliff v. Iliff*, 339 S.W.3d 74, 81 (Tex. 2011) *citing Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 683 (Tex. 1956) ...................................................................................................... 12

*Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 309-10 (Tex. 1976) ...................... 14

*Lifshutz v. Lifshutz*, 199 S.W.3d 9, 20 (Tex. App.--San Antonio 2006, pet. denied) (*citing Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986))............................................ 10

*Muston v. Nueces County Sheriff's Dep't,* 122 S.W.3d 469,472 (Tex. App. Corpus Christi 2003)*; § 158.0121* ...................................................................................................... 7

*Tarrant County v. Smith,* 81 S.W.2d 537, 538 (Tex.Civ.App.--Fort Worth 1935, writ ref'd)...... 18

*Weber v. Sachse,* 591 S.W.2d 563 (Tex.Civ.App.--Dallas 1979, writ dism'd)............................ 17

*Woychesin v. Harris County Sheriff's Civ. Serv. Comm'n*, 2012 Tex. App. LEXIS 7301, 2012 WL 3776359 (Tex. App. Houston 14th Dist. Aug. 30, 2012, no pet.) ......................... 12, 13, 14

**Statutes**

TEX. CONST. ART. V, § 18(b)................................................................................................ 14

TEX. GOV'T CODE § 311.016(1) ......................................................................................... 10

TEX. GOV'T CODE § 311.016(2)-(3) ................................................................................... 11

TEX. LOC. GOV'T CODE ANN. § 152.001 (Vernon 2012) .................................................. 14

TEX. LOC. GOV'T CODE ANN. § 158.037(B)...................................................................... 7

TEX. LOC. GOV'T CODE ANN. §§ 111.031-111.043 (Vernon 2012) ............................... 14

TEX. LOC. GOV'T CODE ANN. §§ 151.001-.004 (Vernon 2012) ...................................... 15

TEX. LOC. GOV'T CODE ANN. §158.0121 ....................................................................... 6, 7

TEX. R. APP. P. 43.2(c)......................................................................................................... 8

## BRIEF OF APPELLANT BEXAR COUNTY CIVIL SERVICE COMMISSION

TO THE HONORABLE FOURTH COURT OF APPEALS:

Bexar County Civil Service Commission ("Commission"), appellant and defendant below, respectfully submits this brief for your consideration.

### I.
### STATEMENT OF THE CASE

**a.     Order of the Commission**

The Commission issued its Order April 26, 2012 and explicitly overturned the demotion of Mrs. Guerrero, granted her back pay until her position was eliminated by the county commissioners.

**b.     Appeal of Commission's Order**

On May 29, 2012 Mrs. Guerrero appealed the Commission's decision to the district court in Bexar County, Texas.[1]

**c.     Plea to the Jurisdiction**

On July 24, 2012 the county filed a motion with the trial court asking the court to dismiss Mrs. Guerrero's appeal because the court lacked jurisdiction to hear the appeal.[2] The trial court agreed with the county and dismissed the appeal.[3] Mrs. Guerrero appealed the trial court's decision to the Fourth Court of Appeals.[4]

**d.     Fourth Court of Appeals Holding**

The holding by this Court *Guerrero v. Bexar County Civ. Serv. Comm'n*, 2012 Tex. App. LEXIS 10701, *1-*2 (Tex. App. San Antonio 2012) was very narrow. This Court

---

[1] CR 1-10
[2] CR 15-34
[3] CR 56
[4] CR 58

held that since Ms. Guerrero remained in the same position after the Commissions hearing as before, she fit within the definition of an employee who had been demoted and could appeal her demotion to the district court. The only decision made by the court of appeals was that the trial court had jurisdiction to hear the appeal. This Court made absolutely no ruling on the merits of the case or the authority of the Commission to order the Bexar County Commissioners Court to create a position eliminated during the discretionary budgeting process.[5]

### e. Mrs. Guerrero's Motion for Summary Judgment

On January 27, 2014 Mrs. Guerrero filed a motion with the trial court asking that the court order her returned to her E-11 position from which she was demoted from in 2010. On April 17, 2014 Judge Peter Sakai <u>denied</u> her motion and granted <u>no</u> relief to Mrs. Guerrero.[6]

### f. § 158.0122. Procedures for Review under Substantial Evidence Rule

On April 16, 2014 Mrs. Guerrero filed an Application to Present Additional Evidence to the Commission.[7] On March 7, 2014 Judge Peter Sakai granted Mrs. Guerrero's Application to Present Additional Evidence to the commission.[8] The authority to do this is found in the TEX. LOCAL GOV'T CODE § 158.0122(b). Under this section of the code, "The commission may change its findings and decisions by reason of the additional evidence and shall file the additional evidence and any changes, new findings, or decisions with the reviewing court." Likewise, the Commission may stand by its original decision.

### g. Second Civil Service Commission Hearing

On August 21, 2014 the Commission held the hearing ordered by Judge Sakai. After

---

[5] CR 60-66
[6] CR 460
[7] CR 428-459
[8] CR 465-66

receiving additional evidence, the Commission upheld it original ruling in an order dated the same day.[9] The case was then returned to the trial court for further proceedings in light of the Commission's action at the second hearing.

**h.      Appeal Heard by Judge Arteaga and Appeal to this Court**

On December 12, 2014 the trial court heard the appeal of the Commission's decision and signed a final judgment on March 5, 2015 granting Mrs. Guerrero all of the relief sought and included pre and post judgment interest.[10] The trial court issued Finding of Fact and Conclusions of Law on April 9, 2015.[11] Appellant timely filed its Notice of Appeal on March 29, 2015.[12]

**II.**
**STATEMENT OF THE FACTS**

On April 26, 2012 the Bexar County Civil Service Commission heard the appeal of Mrs. Carmella Guerrero. Not satisfied with the decision of the Commission, Mrs. Guerrero then appealed that decision to the district court.[13] The district court granted a request by Mrs. Guerrero to present additional evidence and sent the case back to the Commission for rehearing. The Commission affirmed its original ruling. The matter was then returned to the trial court to continue the appeal with new evidence presented at the second hearing and the Order of the Commission upholding its original decision.[14] Rather than review the decision of the Commission using the substantial evidence standard of review,[15] the trial court simply disregarded the previous two decisions of the Commission in their entirety and substituted its

---

[9] CR 469-470
[10] CR 487-88; Ex. A
[11] CR 513-516; Ex. B
[12] CR 519-20
[13] CR 1-10
[14] CR 469-470
[15] TEX. LOC. GOV'T CODE ANN. § 158.037(b).

3

own decision instead.

Mrs. Guerrero is currently an employee of Bexar County working in the Information Technology Department ("BCIT").[16] Ms. Guerrero had been demoted in December of 2010 by her supervisor at BCIT, Cathy Maras the chief executive officer over BCIT. After a full hearing on the merits, the Commission found in favor of Mrs. Guerrero and overturned her demotion.[17] However, during the pendency of the appeal, the position Mrs. Guerrero had been demoted from, IT Services Manager, was eliminated by Bexar County Commissioners Court in its 2011-2012 Bexar County budget along with fifteen other positions located in BCIT. *Guerrero v. Bexar County Civ. Serv. Comm'n*, 2012 Tex. App. LEXIS 10701, *1-*2 (Tex. App. San Antonio 2012).

Although the demotion was overturned, the Commission rightfully recognized that it was not able to return Mrs. Guerrero to her previous position since it does not have the authority to order the Bexar County Commissioners Court to recreate a position which had been eliminated as part of the discretionary budget process. The Commission instead provided Ms. Guerrero all of the relief it could within its authority. That is, they overturned her demotion and awarded her back pay up to the date that her previous position was eliminated, October 1, 2011. Additionally, Mrs. Guerrero would remain in the position which she was in following her demotion.

### III.
### ISSUES PRESENTED

**1.     Did the Civil Service Commission act within their Authority?**

Yes. The commission had the authority to enter the order overturning the demotion and awarding back pay to the plaintiff up to the date that her previous position was eliminated, October 1, 2011. They also had the authority to order that she be maintained in her current

---

[16] BCIT is one of the 34 departments under the authority of the Bexar County Commissioners Court.
[17] CR 21-22

position. The commission had no authority to order anything beyond this because it has no power to order the County to create a position eliminated through the budget process.

**2.      Was the plaintiff provided her due process?**

Yes. Procedural due process is met in a civil service case if the employee was given a hearing. The plaintiff had two full hearings and thus her due process rights were met. The court's conclusion that she had some further due process right to have the County budget cease being implemented while her appeal was pending is not supported by law or reason.

**3.      Did substantial evidence exist for the Order of the Commission?**

Yes. The plaintiff had two hearings before the civil service in which ample evidence was presented to support the decision. In fact, the commission found the evidence so sufficient it overturned plaintiff's demotion. Therefore, it is an abuse of discretion to find that substantial evidence supported reversing the demotion but did not support the outcome simply because plaintiff desired a different result.

**IV.**
**SUMMARY OF THE ARGUMENT**

The trial court abused its discretion in overturning the Commission's order and substituting its own opinion. The trial court did not apply the substantial evidence standard of review and thus its decision should be reversed as an abuse of discretion. The reviewing court, whether the trial court or the court of appeals, may not set aside the commission's decision because it would reach a different conclusion; it may only reverse if the commission's decision was made without regard to the facts or the law and as such, was unreasonable, arbitrary, or capricious. *Arreaga v.Bexar County Sheriff's Dept.,* 90 S.W.3d 899, 901 (Tex. App.--San Antonio 2002, no pet.); *Bexar County Civil Serv. Comm'n v. Casals,* 63 S.W.3d 57, 59 (Tex.

5

App.--San Antonio 2001, no pet.)  The trial court did not apply this standard as evidenced by its conclusions of law and instead the trial court simply reached a result it preferred.  This is not the standard it was bound to apply.  If the trial court's judgment is upheld by this Court, Texas law will be drastically changed because it allows a court and by extension a Civil Service Commission to improperly control the County budget by ordering the creation of positions and expenditure of County funds.  Allowing such a result to stand, would dramatically change the law governing the control of budgets in Texas counties.

## V.
## ARGUMENT

**Review under Substantial Evidence Rule**

The trial court must review an appeal of a civil service commission's decision using the substantial evidence rule. See TEX. LOC. GOV'T CODE ANN. §158.0121.  The trial court may either affirm the Commission's decision, reverse, or remand the case for further proceedings. *Muston v. Nueces County Sheriff's Dep't,* 122 S.W.3d 469,472 (Tex. App. Corpus Christi 2003)*; § 158.0121*. The judgment of the district court is then appealable as in other civil cases. *Id. § 158.012(b)*.

> In an appeal under Section 158.012, the district court may not substitute its judgment for the judgment of the commission on the weight of the evidence on questions committed to the commission's discretion but:
> (1) may affirm the commission's decision in whole or in part; and
> (2) shall reverse or remand the case for further proceedings if substantial rights of the petitioner have been prejudiced because the commission's findings, inferences, conclusions, or decisions are:
>   (A) in violation of a constitutional or statutory provision;
>   (B) in excess of the commission's authority;
>   (C) made through unlawful procedure;
>   (D) affected by other error of law;
>   (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

6

(F) arbitrary or capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion.

TEX. LOC. GOV'T CODE ANN. §158.0121.

A decision by a civil service commission is subject to review under "substantial evidence rule." TEX. LOC. GOV'T CODE ANN. § 158.037(B). Under this standard, the petitioner has the burden to show that the commission's decision was not based on substantial evidence. *Arreaga v.Bexar County Sheriff's Dept.,* 90 S.W.3d 899, 901 (Tex. App.--San Antonio 2002, no pet.); *Bexar County Civil Serv. Comm'n v. Casals,* 63 S.W.3d 57, 59 (Tex. App.--San Antonio 2001, no pet.). Substantial evidence is more than a mere scintilla, but less than a preponderance of the evidence. *Arreaga,* 90 S.W.3d at 901; *Casals,* 63 S.W.3d at 59. Thus, the evidence supporting the commission's order may preponderate against the commission's decision and still amount to substantial evidence. *Arreaga,* 90 S.W.3d at 901; *Casals,* 63 S.W.3d at 59. The reviewing court, whether the trial court or the court of appeals, may not set aside the commission's decision because it would reach a different conclusion; it may only reverse if the commission's decision was made without regard to the facts or the law and as such, was unreasonable, arbitrary, or capricious. *Arreaga,* 90 S.W.3d at 901; *Casals,* 63 S.W.3d at 59-60. A commission's order may not be set aside merely because evidence was conflicting or disputed. *City of Dallas v. Hamilton,* 132 S.W.3d 632, 637 (Tex. App.--Eastland 2004, pet. denied). The resolution of factual conflicts and ambiguities is the province of the commission, and the aim of the substantial evidence rule is to protect that function. *Dallas County Civil Service Comm'n v. Warren,* 988 S.W.2d 864, 869 (Tex. App.--San Antonio 1999, no pet.). Substantial evidence deals only with the reasonableness of the commission's order not with its correctness. *Hamilton,* 132 S.W.3d at 637; *Warren,* 988 S.W.2d at 869-70.

The trial court did not apply this standard but rather disregarded the decisions of the Commission in their entirety. Rather than review the decision of the Commission under the substantial evidence rule, the trial court simply substituted its judgment for that of the Commission in order to reach the decision the trial court felt should have been rendered. Mrs. Guerrero has had two full hearings on the merits. The following arguments demonstrate that the Commission's decision was based on substantial evidence. Accordingly, the Commission would ask that this Court reverse the decision of the trial court and render a judgment upholding the Commission's decision. TEX. R. APP. P. 43.2(c).

### a.      Order of the Commission

The Commission issued its Order April 26, 2012 and explicitly overturned the demotion of Mrs. Guerrero, granted her back pay until her position was eliminated. It is this ruling that is before this Court and that Mrs. Guerrero seeks to have reversed.

### b.      Fourth Court of Appeals Holding

The previous holding by the Fourth Court of Appeals in *Guerrero v. Bexar County Civ. Serv. Comm'n*, 2012 Tex. App. LEXIS 10701 was very narrow. The Court held that since Ms. Guerrero remained in the same position after the commission's hearing as before, she fit within the definition of an employee who had been demoted and could appeal her demotion to the district court. The only law of the case this established was that the trial court had jurisdiction to hear the appeal. "The 'law of the case' doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages." *Lifshutz v. Lifshutz*, 199 S.W.3d 9, 20 (Tex. App.--San Antonio 2006, pet. denied) (*citing Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986)). This doctrine only applies to

8

questions of law, not to questions of fact. *Id.*

### c. Commissioners acted within their Authority

Mrs. Guerrero has previously asserted that the Commission exceeded its authority by overturning the demotion but not reinstating her to her previous position. This is incorrect for two reasons. First, the Commission's authority is not limited by civil service rule 7.6.14 to only sustain, lessen or overturn a disciplinary action. Second, the Commission did not have the authority to grant more relief than it did.

### 1. Civil Service Rule 7.6.14[18]

Mrs. Guerrero has asserted that the Commission acted beyond its authority by overturning the demotion but not ordering her to her former position. Mrs. Guerrero argues, without support, that 7.6.14 limits the Commission's rulings to one of three options. According to Mrs. Guerrero, the Commission's sole options are to either deny the appeal, lessen the discipline or overturn the discipline, without exception. The order by the Commission clearly overturns the demotion. The Commission overturned Mrs. Guerrero's demotion and entered an order to that affect. It also ordered that she receive back-pay and remain employed with Bexar County in her current demoted position even though her previous position was eliminated through the normal budgetary process, not incidentally, a discretionary process by the duly elected five-member Bexar County Commissioners Court.[19]

Contrary to Mrs. Guerrero's assertion, Rule 7.6.14 does not limit the Commission's ability to enter the order it entered in this case, based on the evidence before it. The language of rule 7.6.14 clearly vests the Commission with the discretion to issue an order it feels is

---

[18] CR 450-51; Ex. G

[19] The trial court incorrectly determined in its order that BCIT eliminated her Mrs. Guerrero's position.

9

appropriate under the facts of the case, within its statutory authority:

> "The Commission *may* choose to deny the appeal and uphold the disciplinary action, impose a lesser penalty than the one taken by the office or department and may include an award of back pay, or overturn the disciplinary action." [20]

Rule 7.6.14 (Emphasis added.).

The use of the word "may" is controlling and instructive. The word "may" is permissive and grants the commission discretionary power to rule as it sees proper within the limits of the case before it. See TEX. GOV'T CODE § 311.016(1) ("'May' creates discretionary authority or grants permission or power."); *Dallas Cnty. Cmty. Coll. Dist. v. Bolton,* 185 S.W.3d 868, 874 (Tex. 2005) (noting that the word "may" should be given its permissive meaning). While the permissive word "may" imports the exercise of discretion, "the court is not vested with unlimited discretion, and is required to exercise a sound and legal discretion within the limits created by the circumstances of a particular case." *Iliff v. Iliff*, 339 S.W.3d 74, 81 (Tex. 2011) *citing Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 683 (Tex. 1956). To determine whether the Commission abused this discretion, this Court must decide whether the Commission acted without reference to any guiding rules or principles or whether the act was arbitrary or unreasonable. *See Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002).

*Woychesin v. Harris County Sheriff's Civ. Serv. Comm'n*, 2012 Tex. App. LEXIS 7301, 2012 WL 3776359 (Tex. App. Houston 14th Dist. Aug. 30, 2012, no pet.) is instructive. That case involved a civil service commission rule which required the hearing of an appeal to be conducted within 10 days of the appeal being filed. Woychesin didn't receive his hearing for approximately four and a half months. In the interim, a new sheriff was elected. Woychesin raised a procedural objection to the untimeliness of the hearing and argued that his termination

---

[20] CR 451-52; Ex. B

10

should be overturned because of the sheriff's noncompliance with Harris County Civil Service Rule 12.04(b). The commission denied that motion and upheld Woychesin's termination. The Harris County Civil Service Commission also noted the unusual circumstances and inherent delays surrounding a new sheriff taking office.

Woychesin appealed to the district court, arguing that the Harris County Civil Service Commission exceeded its jurisdiction when it concluded that Rule 12.04(b) was not mandatory. Both parties moved for summary judgment. The district court granted the commission's motion and denied Woychesin's motion without specifying its grounds for doing so. On appeal, Woychesin argued that the commission exceeded its authority when it interpreted Rule 12.04(b) as non-mandatory, but he failed to explain how this interpretation exceeds the commission's authority. The appellate court disagreed that a civil service commission was bound to a strict interpretation of its rules and had no discretion whatsoever.

The court in *Woychesin* analyzed the language of the rule and found it was not mandatory. The Rule 12.04(b) at issue did not provide a consequence for the sheriff's failure to comply with the ten-day deadline. Further, the rule used neither "shall" nor "must" to describe the Sheriff's responsibility; either word would indicate that the rule was mandatory. See TEX. GOV'T CODE § 311.016(2)-(3). Though the absence of those words is not dispositive, it is helpful in determining a rule is not mandatory. See *Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 309-10 (Tex. 1976) (concluding that a statute directing a loan officer to dispose of applications within 45 days was not mandatory, despite the use of the word "shall"). The crux of this analysis is always the intent of those who implemented the rule. *Id*.

As in *Woychesin*, the Bexar County Civil Service Commission rule at issue uses "may" and not "shall" or "must": "The Commission *may* choose to deny the appeal and uphold the

11

disciplinary action, impose a lesser penalty… and *may* include an award of back pay, or overturn the disciplinary action." (Emphasis added.). The Commission is not limited in the length of time a suspension may last."[21]

The Woychesin court recognized that "in the interim, a new sheriff was elected" and that caused a delay due to a change in circumstance. The Court noted that the change in circumstances was also support for the Commissions need for some flexibility in applying its rules. Likewise, here a significant change in circumstances beyond the Commission's control occurred in that Bexar County adopted a new budget and eliminated Mrs. Guerrero's position through the County's ordinary budgeting process. This factor required the Commission to use its inherent discretion to come up with an equitable ruling within the confines of the law, all while recognizing that it had no authority to order Bexar County to recreate and fund a position which was eliminated through the budget process (along with 15 other positions in that department).

The discretion the Commission exercised in this case actually prevented Mrs. Guerrero from losing her job all together. Had the Commission been constrained to only overturn the demotion, it could have only overturned the demotion and granted plaintiff back pay up to the date her job was eliminated. After that date, and in the ordinary course, she would have had no position once the budget became effective. However, the Commission used its discretion to also order that Mrs. Guerrero remain employed in her new position at a lower grade.

The trial court did not take this discretion into consideration when it concluded that:

"The Commission's ruling was in excess of the Commission's authority because it exceeded the Commission's authority as established in Policy No. 7.6.14 of the Commission's rules and regulations as provided in Section 158.0121(2)(B)." [22]

---

[21] CR 451-52
[22] CR 513-15; Ex. B

12

Under the law, the Commission was not bound to only three options without some reasonable discretion to fit its ruling within the constraints before it. The trial court simply used unexplained reasoning to improperly substitute its opinion for that of the Commission as to what it felt would be a preferable outcome.

The Commission clearly did not abuse its discretion in ordering that Mrs. Guerrero's demotion was overturned and that she receive back pay up to the date her position was eliminated. The Commission acted within its discretion by ordering the relief Mrs. Guerrero sought within the constraints placed upon it and in light of the principle that the Commission has no authority to order the County to create an eliminated position as explained below.

**2.     The Commission granted all of the relief it could**

That a three-member appointed Commission charged with reviewing terminations would have the authority to circumvent and control the budget of Bexar County Commissioners Court is a proposition too preposterous to merit serious consideration here. The Commission granted Mrs. Guerrero all of the relief it was able to when it overturned her demotion and granted her back-pay up and until the position she held was eliminated by the Bexar County Commissioners Court in their yearly budgetary process. The Commission had no authority to order Bexar County to recreate a position that had previously been eliminated in the 2011-2012 adopted budget. The trial court and this Court, likewise, may not order that Mrs. Guerrero be put into a position eliminated though a discretionary budget process and thus, in effect, order Bexar County to create a position and expend funds to do so.

A county commissioners court is a creature of the Texas Constitution; thus, its powers are limited and controlled by the Constitution and the laws as passed by the Legislature. TEX.

13

CONST. ART. V, § 18(b); *See also Commissioners' Court of Madison County v. Wallace,* 118 Tex. 279, 15 S.W.2d 535, 537 (1929). Along with constitutionally-derived jurisdiction over "county business," the commissioners court specifically has the statutory authority to oversee the fiscal operation of the county by approving and authorizing a budget. TEX. LOC. GOV'T CODE ANN. §§ 111.031-111.043 (Vernon 2012). Generally, the allocation of county funds is a discretionary policymaking determination left to the sound discretion of the commissioners court. *Weber v. Sachse,* 591 S.W.2d 563 (Tex.Civ.App.--Dallas 1979, writ dism'd).

"The budget process is *political.* It combines inextricably the two legislative powers of 'taxation' and 'appropriation,' the latter being a distribution and setting aside of parts of the total available revenue among the various government functions, operations, and programs." *Commissioners Court of Caldwell County v. Criminal Dist. Attorney, Caldwell County,* 690 S.W.2d 932, 934 (Tex.App.--Austin 1985, writ ref'd n.r.e.). "The correlation of total revenue and expenditure, and apportionment of the former among the various county functions, operations, and programs, *in the overall public interest,* is the essence of the decision making entrusted to the judgment of the Commissioners Court. There could be no clearer grant of discretionary power." *Id.* at 934-35 (emphasis original).

In establishing the county budget, the Bexar County Commissioners Court, as a matter of course, receives input from various departments that operate within the established structure of county government (though counsel is unaware of any legal requirement that it do so). *Hooten v. Enriquez*, 863 S.W.2d 522, 529 (Tex. App. El Paso 1993). Absent an abuse of discretion, the commissioners court establishes manning tables for each of the respective departments and sets the rate of compensation for its employees. *Id.;* TEX. LOC. GOV'T CODE ANN. § 152.001 (Vernon 2012). In that regard, county officials may employ deputies and assistants only as authorized by

the commissioners court. *Id.;* TEX. LOC. GOV'T CODE ANN. §§ 151.001-.004 (Vernon 2012). A commissioners court may either grant or deny the authority to appoint such deputies or assistants in the exercise of its discretion regarding their need. A commissioners court may limit the number of deputies or assistants authorized to any department in any given year. *Id.; Tarrant County v. Smith,* 81 S.W.2d 537, 538 (Tex.Civ.App.--Fort Worth 1935, writ ref'd).

The trial court simply ignored the above precedent in concluding that:

> "The Commission's ruling was made through an unlawful procedure in that the Commission refused to reinstate the Plaintiff when the Plaintiff's former position was deleted while the Plaintiff was appealing her demotion to the Commission as provided in Section 158.0121(2)(C)."[23]

The Commission's ruling was made through the same procedure it uses in conducting all of its hearings. At no time did Mrs. Guerrero assert that the procedure of the Commission was unlawful. On the other hand, what is unlawful is to ignore the law and order Bexar County to create a position approximately three years after it had been eliminated by a discretionary act of a governing body. That power is solely reserved to a commissioners court and to do so would ignore the distinction between the role of the judiciary and the wide discretion afforded a commissioners court in determining how best to allocate taxpayer dollars.

Here, the Commission had no power to reinstate Mrs. Guerrero to a position lawfully deleted from the budget by Bexar County Commissioners Court. The trial court failed to explain what was unlawful about the Commission's procedure. It is simply another method to criticize the Commission's ruling despite the fact that the law and facts do not support disturbing the Commission's ruling. Mrs. Guerrero was granted all relief the Commission had the power to grant.

---

[23] CR 513-15; Ex. B

## VI.
## MRS. GUERRERO WAS AFFORDED DUE PROCESS

Mrs. Guerrero claimed that she was denied procedural due process, despite an extensive list of proceedings including two full civil service proceedings, appeal to the trial court and one previous appeal to this Court. Though there could be little doubt that Mrs. Guerrero was afforded all that due process requires, the trial court still found otherwise:

> "The Commission's ruling violated the Constitution of the United States and the Texas Constitution because Plaintiff's constitutional due process rights were substantially prejudiced when BCIT deleted the Plaintiff's E-11 position while her appeal to the Commission was pending as provided in Section 158.0121(2)(A)."[24]

Procedural process is met in a civil service proceeding if the employee was given a hearing. *County of Dallas v. Walton*, 216 S.W.3d 367, 370. (Procedural due process claim is valid because employee was denied a hearing before the civil service commission on his grievance.) This is not the case here and thus the procedural due process claim fails. As Mrs. Guerrero herself stated in her motion for summary judgment brief, she "participated in a full blown evidentiary hearing"[25] after which the Commission rendered its decision.

Mrs. Guerrero cites to civil service rule 7.6.14(17)[26] as some type of support for her due process assertion.[27] However, this rule is wholly inapplicable to this case. That provision, on its face, only applies if the Commission orders an employee reinstated and the department refuses to do so. This rule has no relevance here since the Commission did not order Mrs. Guerrero reinstated.

Mrs. Guerrero has also argued that eliminating her position, along with fifteen others in

---

[24] CR 451-52
[25] CR 505
[26] CR 450-51
[27] CR 450-51

16

her department, through the normal budgetary process, somehow violated her due process and the trial court agreed. She cites to the opinion of this Court in *Guerrero v. Bexar County Civ. Serv. Comm'n*, 2012 Tex. App. LEXIS at \*6-\*7 as some sort of support for this. That opinion never discusses due process nor does it stand for the proposition that a county cannot conduct its budgetary process and eliminate positions while an appeal is pending. This Court merely held that Mrs. Guerrero had the right to judicial review regardless of the budgetary actions. *Guerrero v. Bexar County Civ. Serv. Comm'n*, 2012 Tex. App. LEXIS at \*6-\*7. It certainly did not hold, as Mrs. Guerrero is really arguing, that because she did not receive the result she wanted, due process was denied.

The trial court found that plaintiff's due process rights were violated as part of the basis for substituting its opinion for that of the Commission. In its conclusions of law, the trial court found, "The Commission's ruling violated the Constitution of the United States and the Texas Constitution because Plaintiff's constitutional due process rights were substantially prejudiced…."[28] This is evidence the court did not look to the facts nor did it fully understand them when it decided this case. First, plaintiff's due process rights were fully and fairly satisfied by having her complaint heard. Second, the trial court points to no support for its conclusion that Mrs. Guerrero had some sort of due process right to not have the county act on its budget while her appeal was pending. Third, the trial court incorrectly states that the BCIT (Bexar County Information Technology department) deleted the position. The position was deleted by a legislative body, the Bexar County Commissioner's Court in its annual budget process. This conclusion by the trial court is plainly incorrect as it is based on facts that the trial court simply made up. A due process violation in a civil service appeal does not occur simply because a

---

[28] CR 513-15

17

commissioners court makes a budgetary decision while one position amongst the thousands it controls through the budget is eliminated. Such a finding would improperly intrude into the commissioners court's sole discretion to add or delete positions as it deems necessary as part of its annual budgetary process.

## VII.
## SUBSTANTIAL EVIDENCE EXISTED FOR THE ORDER OF THE COMMISSION

Mrs. Guerrero, unsurprisingly, argues that there was certainly substantial evidence for the order that the demotion be overturned. However, Mrs. Guerrero also asserts that this same substantial evidence did not support the Commission's decision to order that she remain in the same position since her position had been eliminated. The court could not set aside the commission's decision because it felt the Commission should have reached a different conclusion.

A trial court may only reverse the Commission's decision if it was made without regard to the facts or the law and as such, was unreasonable, arbitrary, or capricious. *Arreaga,* 90 S.W.3d at 901; *Casals,* 63 S.W.3d at 59-60. Additionally, a commission's order may not be set aside merely because evidence was conflicting or disputed. *City of Dallas v. Hamilton,* 132 S.W.3d 632, 637 (Tex. App.--Eastland 2004, pet. denied). The resolution of factual conflicts and ambiguities is the sole province of the commission, and the aim of the substantial evidence rule is to protect that function. *Dallas County Civil Service Comm'n v. Warren,* 988 S.W.2d 864, 869 (Tex. App.--San Antonio 1999, no pet.). Substantial evidence deals only with the reasonableness of the commission's order not with its correctness. *Hamilton,* 132 S.W.3d at 637; *Warren,* 988 S.W.2d at 869-70.

Here, after two separate hearings, the Commission had ample evidence to support its

18

ruling. The Commission's decision was not made without regard to the facts or the law and as such was not unreasonable, arbitrary, or capricious. In fact, the Commission granted Mrs. Guerrero all the relief it could. Mrs. Guerrero herself provided more than a scintilla of evidence to support the Commission's ruling when she testified that her position had been abolished and that only the commissioners court could create or abolish positions.[29] The facts and the law both support the Commission's decision.

The trial court's conclusion itself does not make sense as applied to the facts:

"The Commission's ruling was not reasonably supported by substantial evidence in that substantial evidence does not support a finding that the Plaintiff should be demoted, that Plaintiff's former position should have deleted, and that Plaintiff should not have been reinstated as provided in Section 158.0121(2)(E)."[30]

The first part of the statement, "The Commission's ruling was not reasonably supported by substantial evidence in that substantial evidence does not support a finding that the Plaintiff should be demoted" directly contradicts Mrs. Guerrero's argument and the actions of the Commission. Essentially, the trial court has found that substantial evidence did not support a finding that Mrs. Guerrero should be demoted. However, the Commission found that Mrs. Guerrero should not be demoted and reversed the demotion. Therefore, the trial court's conclusion cannot be reconciled with the result of the trial court's decision and the actions of the Commission to reverse the demotion.

The next part of the trial court's conclusion is also patently incorrect. The trial court determined that substantial evidence did not support "that Plaintiff's former position should have [been] deleted." This was not even an issue before the Commission or the trial court, though that

---

[29] CR 270
[30] CR 513-15

19

did not seem to bother the trial court. In a substantial evidence review, the court is to look *only* at whether the disciplinary action was supported by substantial evidence. This alone was the question before the trial court. The trial court's conclusion amounts to a finding that the Bexar County Commissioners Court acted improperly in deleting a position through the budget process. This is an issue that a trial court has no discretion to consider and that has nothing to do with this case.

The final statement of the trial court is also incorrect. The trial court found that substantial evidence did not support "that Plaintiff should not have been reinstated as provided in Section 158.0121(2)(E)."[31] However, that section does not address how a person is to be reinstated so reference to it is illogical.

Additionally, the trial court's finding that substantial evidence did not support the Commission's finding that Mrs. Guerrero should not have been reinstated is not what was ordered by the Commission. The Commission acted within its authority when it overturned Mrs. Guerrero's demotion and within the limitations of the law. The Commission returned Mrs. Guerrero to the only position it could since the Commission has no authority to order Bexar County Commissioners Court to create a position, which would, in its effect, direct Bexar County to reverse a discretionary decision and control the county budget. The trial court abused its discretion when it ignored the decision of the Commission in its entirety and substituted its judgment instead.

## VIII.
## PRAYER

---

[31] This section merely states "(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole."

20

For these reasons, Bexar County asks that the Court reverse the decision of the trial court and render a decision upholding the Commission's ruling. Further, defendant prays that this Court grant all other relief to which defendant is entitled in law and equity.

Respectfully submitted,

/s/ Clarkson F. Brown
Clarkson F. Brown
State Bar No. 00798082
Assistant Criminal District Attorney
Civil Section
101 West Nueva, 7th Floor
San Antonio, Texas 78205-3030
Telephone: (210) 335-3918
Telecopier: (210) 335-2773
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was sent to the following:

Orlando R. Lopez
LOPEZ SCOTT, L.L.C.
3707 North St. Mary's Street, Suite 200
San Antonio, Texas 78212

Via electronic filing system

Robert W. Clore
15481 South Padre Island Drive, Suite 101
Corpus Christi, Texas 78418

Via electronic filing system

/s/ Clarkson F. Brown
CLARKSON F. BROWN

22

# APPENDIX

# EXHIBIT A

NO. 2012-CI-08758

CARMELLO GUERRERO                    )        IN THE DISTRICT COURT
                                     )
VS.                                  )        225TH JUDICIAL DISTRICT
                                     )
BEXAR COUNTY CIVIL SERVICE           )
COMMISSION                           )        BEXAR COUNTY, TEXAS

## FINAL JUDGMENT

On December 12, 2014, the Court called this case for trial on the merits before the Court. The Plaintiff, CARMELLA GUERRERO, appeared through her counsel and the Defendant, BEXAR COUNTY CIVIL SERVICE COMMISSION, appeared through counsel. The parties announced ready for trial.

The Court heard the evidence and arguments of counsel and returned an award in favor of the Plaintiff.

IT IS THEREFORE ORDERED that Plaintiff, CARMELLA GUERRERO, is immediately reinstated to an E-11 classification with salary and benefits equal to or greater than the position she held previously under the Bexar County employment classification. IT IS FURTHER ORDERED that Plaintiff is awarded judgment in the amount of $111,928.00 in back-pay plus all benefits of the E-11 position as if Plaintiff was never demoted or the position ever eliminated, for the period October 2, 2011 through February 1, 2015. IT IS FURTHER ORDERED that beginning February 3, 2015, Bexar County is ordered to pay Plaintiff an annual salary of at least $97,040.00.

IT IS ORDERED that the Plaintiff is awarded prejudgment interest on the judgment awarded herein at the rate of five percent (5%) per annum from the date the Plaintiff filed her original petition until the date of this judgment.

1

IT IS ORDERED that the Plaintiff is awarded post-judgment interest on the judgment awarded herein at the rate of five percent (5%) per annum from the date of this judgment until the judgment is fully satisfied.

IT IS FURTHER ORDERED that Plaintiff recover all costs of court from the Defendant.

This judgment finally disposes of all claims and all parties and is appealable.

SIGNED _____March 5, 2015_____

JUDGE ANTONIA ARTEAGA
57TH DISTRICT COURT

2

# EXHIBIT B

CAUSE NO. 2012-CI-8758



| CARMELLA GUERRERO | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | 225TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| BEXAR COUNTY CIVIL SERVICE | § | |
| COMMISSION | § | BEXAR COUNTY, TEXAS |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On December 12, 2014, the Court conducted a bench trial on the merits in this matter, and the Court issued its final judgment on or about March 5, 2015. The Defendant, the Bexar County Civil Service Commission, filed a request for the Court' entry of findings of fact and conclusions of law in connection with the Court's issuance of its final judgment. Accordingly, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. The Bexar County Information Technology Department ("BCIT") demoted the Plaintiff, Carmella Guerrero, from her former position as the Planning & Technology Services Manager at an E-11 classification to her current position of a Business Analyst at E-5 classification.

2. Plaintiff filed a timely appeal of her demotion to the Bexar County Civil Service Commission (the "Commission").

3. Before the Commission considered the Plaintiff's appeal, BCIT eliminated the Plaintiff's former position on or about October 1, 2011.

4. On or about April 26, 2012, the Commission determined that the Plaintiff's demotion was without merit, the Commission overturned the Plaintiff's demotion,



entered an order awarding the Plaintiff back-pay, but entered an order that Plaintiff remain in her demoted E-5 position.

5. The Plaintiff timely filed a lawsuit in this Court challenging the Commission's ruling.

6. Had the Plaintiff not been demoted, the Plaintiff would be entitled to an annual salary of $97,040.00 as of February 3, 2015.

7. Had the Plaintiff not been demoted, the Plaintiff would have accumulated $111,928.00 in back-pay which represents the amounts the Plaintiff would have been entitled to be paid from the date of the demotion until February 3, 2015.

## CONCLUSIONS OF LAW

1. The Commission's ruling violated the Constitution of the United States and the Texas Constitution because Plaintiff's constitutional due process rights were substantially prejudiced when BCIT deleted the Plaintiff's E-11 position while her appeal to the Commission was pending as provided in Section 158.0121(2)(A).

2. The Commission's ruling was in excess of the Commission's authority because it exceeded the Commission's authority as established in Policy No. 7.6.14 of the Commission's rules and regulations as provided in Section 158.0121(2)(B).

3. The Commission's ruling was made through an unlawful procedure in that the Commission refused to reinstate the Plaintiff when the Plaintiff's former position was deleted while the Plaintiff was appealing her demotion to the Commission as provided in Section 158.0121(2)(C).

4. The Commission's ruling was not reasonably supported by substantial evidence in that substantial evidence does not support a finding that the Plaintiff should

be demoted, that Plaintiff's former position should have deleted, and that Plaintiff should not have been reinstated as provided in Section 158.0121(2)(E).

5.     Plaintiff is, effective immediately, reinstated to an an E-11 classification employee with the salary and benefits equal to or greater than the position she held previously under the Bexar County employment classification system.

6.     Plaintiff shall be paid by BCIT the lump sum of $111,928.00 in back pay plus all benefits from October 2, 2011 to February 1, 2015.

7.     Beginning on February 3, 2015, Plaintiff shall be paid an annual salary of at least $97,040.00.

8.     Plaintiff is entitled to pre-judgment and post-judgment interest at a rate of 5% per annum from the date of the judgment until the judgment is fully satisfied.

SIGNED this April ___, 2015.

JUDGE ANTONIA ARTEAGA
57TH DISTRICT COURT

## AGREED AS TO FORM ONLY:

LOPEZ SCOTT, L.L.C.
3707 N. St. Mary's Street, Suite 200
San Antonio, Texas 78212
Telephone:    210.472.2100
Telecopier:   210.472.2101


_____
ORLANDO R. LOPEZ
STATE BAR NO. 24010196

ATTORNEYS FOR PLAINTIFF


_____
CLARKSON F. BROWN
STATE BAR NO. 00798082
ASSISTANT CRIMINAL DISTRICT ATTORNEY
CIVIL DIVISION
300 Dolorosa, Suite 4049
San Antonio, Texas 78205
Telephone:    210.335.2139
Telecopier:   210.472.2151

ATTORNEYS FOR DEFENDANT

# EXHIBIT C

**GO TO TEXAS CODE ARCHIVE DIRECTORY**

*Tex. Local Gov't Code § 158.0122*   (2014)

§ 158.0122.   Procedures for Review Under Substantial Evidence Rule

   (a) After service of the petition on the commission and within the time permitted for filing an answer or within additional time allowed by the court, the commission shall send to the reviewing court the original or a certified copy of the entire record of the proceeding under review. The record shall be filed with the clerk of the court. The record may be shortened by stipulation of all parties to the review proceedings. The court may assess additional costs against a party who unreasonably refuses to stipulate to limit the record, unless the party pays all costs of record preparation. The court may require or permit later corrections or additions to the record.

   (b) A party may apply to the court to present additional evidence. If the court is satisfied that the additional evidence is material and that there were good reasons for the failure to present it in the proceeding before the commission, the court may order that the additional evidence be taken before the commission on conditions determined by the court. The commission may change its findings and decisions by reason of the additional evidence and shall file the additional evidence and any changes, new findings, or decisions with the reviewing court.

   (c) The party seeking judicial review shall offer, and the reviewing court shall admit, the commission record into evidence as an exhibit.

   (d) The court shall conduct the review sitting without a jury and is confined to the commission record, except that the court may receive evidence of procedural irregularities alleged to have occurred before the commission that are not reflected in the record.

**HISTORY:** Enacted by Acts 1997, 75th Leg., ch. 68 (S.B. 800), § 2, effective September 1, 1997.

# EXHIBIT D

LOCAL GOVERNMENT CODE
TITLE 5.   MATTERS AFFECTING PUBLIC OFFICERS AND EMPLOYEES
SUBTITLE B.   COUNTY OFFICERS AND EMPLOYEES
CHAPTER 158.   COUNTY CIVIL SERVICE
SUBCHAPTER B.   SHERIFF'S DEPARTMENT CIVIL SERVICE SYSTEM IN CERTAIN
COUNTIES

**GO TO TEXAS CODE ARCHIVE DIRECTORY**

*Tex. Local Gov't Code § 158.037*   (2014)

§ 158.037.   Appeals

   (a) An employee who, on a final decision by the commission, is demoted, suspended, or removed from a position may appeal the decision by filing a petition in a district court in the county within 30 days after the date of the decision.

   (b) An appeal under this section is under the substantial evidence rule, and the judgment of the district court is appealable as in other civil cases.

   (c) If the district court renders judgment for the petitioner, the court may order reinstatement of the employee, payment of back pay, or other appropriate relief.

**HISTORY:** Enacted by Acts 1987, 70th Leg., ch. 149 (S.B. 896), § 1, effective September 1, 1987; am. Acts 1997, 75th Leg., ch. 68 (S.B. 800), § 3, effective September 1, 1997.

# EXHIBIT E

LOCAL GOVERNMENT CODE
TITLE 5.   MATTERS AFFECTING PUBLIC OFFICERS AND EMPLOYEES
SUBTITLE B.   COUNTY OFFICERS AND EMPLOYEES
CHAPTER 158.   COUNTY CIVIL SERVICE
SUBCHAPTER A.   COUNTY CIVIL SERVICE SYSTEM

**GO TO TEXAS CODE ARCHIVE DIRECTORY**

*Tex. Local Gov't Code § 158.0121*   (2012)

§ 158.0121.   Review Under Substantial Evidence Rule

   In an appeal under Section 158.012, the district court may not substitute its judgment for the judgment of the commission on the weight of the evidence on questions committed to the commission's discretion but:

   (1) may affirm the commission's decision in whole or in part; and

   (2) shall reverse or remand the case for further proceedings if substantial rights of the petitioner have been prejudiced because the commission's findings, inferences, conclusions, or decisions are:

   (A) in violation of a constitutional or statutory provision;

   (B) in excess of the commission's authority;

   (C) made through unlawful procedure;

   (D) affected by other error of law;

   (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

   (F) arbitrary or capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion.

**HISTORY:** Enacted by Acts 1997, 75th Leg., ch. 68 (S.B. 800), § 2, effective September 1, 1997.

# EXHIBIT F

**GO TO TEXAS CODE ARCHIVE DIRECTORY**

*Tex. Local Gov't Code § 158.012*   (2012)

§ 158.012.   Appeals

   (a) A county employee who, on a final decision by the commission, is demoted, suspended, or removed from the employee's position may appeal the decision by filing a petition in a district court in the county within 30 days after the date of the decision.

   (b) An appeal under this section is under the substantial evidence rule, and the judgment of the district court is appealable as in other civil cases.

   (c) If the district court renders judgment for the petitioner, the court may order reinstatement of the employee, payment of back pay, or other appropriate relief.

**HISTORY:** Enacted by Acts 1987, 70th Leg., ch. 149 (S.B. 896), § 1, effective September 1, 1987; am. Acts 1997, 75th Leg., ch. 68 (S.B. 800), § 1, effective September 1, 1997.

# EXHIBIT G



# BEXAR COUNTY DEPARTMENT OF HUMAN RESOURCES
## Civil Service Commission Rules and Regulations

## Suspension, Demotion or Termination - Appeal & Hearing

**Policy Number: 7.6.14**
**Effective Date: March 16, 2007**

1.  An employee who wishes to appeal a suspension, demotion or termination may appeal to the Commission. A written appeal on the Employee's Appeal Form available from the Commission shall be filed within ten (10) business days after receipt of the Notice of Disciplinary Action. The day of receipt is not counted. An appeal not on the Employee Appeal Form will not be accepted for filing.

    a.  An appeal filed after the deadline is null and void and shall not be accepted for filing by the Commission.
    b.  The appeal shall be styled "Employee versus the office or department" and not the elected/appointed official or department head.
    c.  An employee cannot file an appeal of a disciplinary action occurring during an employee's probationary period.

2.  The Civil Service Coordinator will request a response from the office or department. A response by the office or department should be made on the Department Response Form and filed in 10 business days. The day of receipt is not counted.

## Hearing Procedures

### Setting the Matter for Hearing

1.  The Commission will set the matter for hearing.

2.  The order of priority of appeals before the Commission is terminations, demotions and suspensions.

### Notice of Hearing

1.  The employee must keep the Commission informed of their current address.

2.  The Commission will notify all parties of the hearing date, time and location. This notice will be given at least two weeks prior to the date of the hearing. A letter sent by certified mail to the last known address of the employee will constitute notice.

### Attendance at the Hearing

1.  The employee must be present at the hearing and may represent themselves or be represented by another person. The employee should notify the Commission of the selection of a representative and who the representative will be. Any representative shall act as the spokesperson for the employee during the appeal process.

2. If the employee is not present at the time of hearing, the Commission shall dismiss the appeal and enter a written order to that effect.

3. The office or department must be present through the elected official, department head or representative.

## *Hearing*

1. Two Commissioners is a quorum which allows a hearing to proceed.

2. The Commission has the authority to administer oaths to all witnesses. Once sworn, witnesses will be subject to penalties for perjury.

3. At the beginning of the hearing, the disciplinary action shall be read including the date of occurrence and the rule or policy violated from the Department Response Form.

4. The hearing shall be open to the public unless the employee notified the Commission in writing prior to the hearing date that the employee wishes the hearing to be closed.

5. The office or department has the burden of proof and of going forward at the hearing.

6. Either party may invoke "The Rule." Texas Rule of Evidence 613 which means that all witnesses, excluding the office or department representative and the employee, will not be allowed to remain in the hearing and no witness shall discuss their testimony with other witnesses.

7. Each party may make a brief opening statement to the Commission. The office or department will go first, followed by the employee.

8. The office or department will present their witnesses first and has an opportunity to present rebuttal witnesses.

9. The employee will present their witnesses second and be allowed to respond to the office or department.

10. Each side may call witnesses and will be allowed to cross-examine each other's witnesses.

11. The Commission may ask any questions necessary of any party or witness or recall any witness if necessary for clarification.

12. Any witness may be released by the Commission after giving testimony.

13. Five copies of any document must be submitted.

14. Each side shall have an opportunity to make a closing statement to the Commission. The office or department shall make the first closing statement followed by the employee. The office or department may choose to make a short rebuttal after the closing statement of the employee.

15. The Commission may recess to deliberate in executive session.

16. If an executive session is held, the Commission shall reconvene in open session and make a decision. The Commission may choose to deny the appeal and uphold the disciplinary action, impose a lesser penalty than the one taken by the office or department and may include an award

of back pay, or overturn the disciplinary action. The Commission is not limited in the length of time a suspension may last.

17. If the employee is to receive back pay by order of the Commission, the employee shall receive full compensation at the rate of pay that was provided for their position at the time of their appeal or the amount of compensation considered fair by the Commission. Should the office or department refuse to reinstate the employee as ordered by the Commission, the employee shall be entitled to their full salary just as though they had been reinstated as ordered.

18. A written order shall be entered which clearly states whether the action will be upheld, dismissed or reduced. Such order shall be signed by the members of the commission who made the decision and sent to all parties.

## *Copy of the Record*

A tape recording of all hearings will be on file in the Human Resources office. A copy will be provided upon request as permitted by law and payment of all costs in advance.

## *Appeal to District Court*

Pursuant to chapter 158 of the Texas Local Government Code, an employee who on final decision by the Commission is demoted, suspended or removed from the employee's position may appeal the Commission's decision in district court within 30 days of the date of the decision.

# EXHIBIT H

## Sec. 311.016. "May," "Shall," "Must," Etc.

The following constructions apply unless the context in which the word or phrase appears necessarily requires a different construction or unless a different construction is expressly provided by statute:

**(1)** "May" creates discretionary authority or grants permission or a power.

**(2)** "Shall" imposes a duty.

**(3)** "Must" creates or recognizes a condition precedent.

**(4)** "Is entitled to" creates or recognizes a right.

**(5)** "May not" imposes a prohibition and is synonymous with "shall not."

**(6)** "Is not entitled to" negates a right.

**(7)** "Is not required to" negates a duty or condition precedent.

## History

Enacted by Acts 1997, 75th Leg., ch. 220 (S.B. 884), § _1_, effective May 23, 1997.

# EXHIBIT I

## Sec. 111.039. Adoption of Budget.

**(a)** At the conclusion of the public hearing, the commissioners court shall take action on the proposed budget. A vote to adopt the budget must be a record vote.

**(b)** The commissioners court may make any changes in the proposed budget that it considers warranted by the facts and law and required by the interest of the taxpayers, but the amounts budgeted in a fiscal year for expenditures from the various funds of the county may not exceed the balances in those funds as of the first day of the fiscal year, plus the anticipated revenue for the fiscal year as estimated by the county auditor.

**(c)** Adoption of a budget that will require raising more revenue from property taxes than in the previous year requires a separate vote of the commissioners court to ratify the property tax increase reflected in the budget. A vote under this subsection is in addition to and separate from the vote to adopt the budget or a vote to set the tax rate required by Chapter 26, Tax Code, or other law.

**(d)** An adopted budget must contain a cover page that includes:

**(1)** one of the following statements in 18-point or larger type that accurately describes the adopted budget:

**(A)** "This budget will raise more revenue from property taxes than last year's budget by an amount of (insert total dollar amount of increase), which is a (insert percentage increase) percent increase from last year's budget. The property tax revenue to be raised from new property added to the tax roll this year is (insert amount computed by multiplying the proposed tax rate by the value of new property added to the roll).";

**(B)** "This budget will raise less revenue from property taxes than last year's budget by an amount of (insert total dollar amount of decrease), which is a (insert percentage decrease) percent decrease from last year's budget. The property tax revenue to be raised from new property added to the tax roll this year is (insert amount computed by multiplying the proposed tax rate by the value of new property added to the roll)."; or

**(C)** "This budget will raise the same amount of revenue from property taxes as last year's budget. The property tax revenue to be raised from new property added to the tax roll this year is (insert amount computed by multiplying the proposed tax rate by the value of new property added to the roll).";

**(2)** the record vote of each member of the commissioners court by name voting on the adoption of the budget;

**(3)** the county property tax rates for the preceding fiscal year, and each county property tax rate that has been adopted or calculated for the current fiscal year, including:

**(A)** the property tax rate;

**(B)** the effective tax rate;

**(C)** the effective maintenance and operations tax rate;

**(D)** the rollback tax rate; and

**(E)** the debt rate; and

**(4)** the total amount of county debt obligations.

**(e)** In this section, "debt obligation" means an issued public security as defined by *Section 1201.002, Government Code*, secured by property taxes.

# EXHIBIT J

## Sec. 151.001. Officer Applies to Commissioners Court for Authority to Appoint Employees.

**(a)** A district, county, or precinct officer who requires the services of deputies, assistants, or clerks in the performance of the officer's duties shall apply to the commissioners court of the county in which the officer serves for the authority to appoint the employees. If the county has a population of more than 190,000, the officer shall apply for the authority to appoint any other kinds of employees.

**(b)** The application must be sworn and must state:

**(1)** the number of employees required;

**(2)** the title of the positions to be filled; and

**(3)** the amounts to be paid the employees.

**(c)** If the application is made in a county with a population of more than 190,000, it must also describe the duties to be performed by the employees.

**(d)** The application must be accompanied by a statement of the probable receipts from fees, commissions, and compensation to be collected by the office during the fiscal year and the probable disbursements, including salaries and expenses, of the office.

**(e)** This section does not apply to a district attorney or criminal district attorney in a county with a population of more than 190,000.

## History

Enacted by Acts 1987, 70th Leg., ch. 149 (S.B. 896), § *1*, effective September 1, 1987.